## St. Louis and Tennessee River Packet Company v. Murray & Wathan.

'(Decided October 17, 1911.)

### Appeal from McCracken Circuit Court.

Admiralty—Collision—Negligence—Instruction.—Under the rule in admiralty, if both parties are negligent and by reason of the negligence of both, a collision occurs, the loss must be borne by them equally. Under this rule the defendant was not prejudiced by an instruction which told the jury that if the defendant was negligent, they should find for the plaintiff one-half the loss.

BAGBY & MARTIN, IRA JULIAN for appellant.

CAMPBELL & CAMPBELL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

On the afternoon of November 2nd, 1909, a gasoline launch started from the dock at Paducah. After it got out near the middle of the river, the machinery got out of order, and the launch drifted with the current while

the man in charge was trying to get the machinery to run. When the launch had drifted down opposite the steamer City of Savannah, that steamer began to back out from the wharf boat. Those in charge of the steamer did not see the drifting launch near the middle of the river or 200 yards from the wharf boat, and as a result, the steamer backed into it and sunk it. This action was brought to recover for its loss on the ground that the steamer failed to keep a reasonable lookout when it backed out from the wharf boat into the river. One of the rules of navigation required the launch to be supplied with a certain whistle, and the whistle to be blown. The launch had no whistle, and gave no signal and it is insisted for the steamer that this negligence on its part contributing to the accident, there could be no recovery. The court gave the jury these instructions:

"1. The court instructs you that the law in this case is for the defendant, St. Louis and Tennessee River Packet Company and you must find for it, unless you shall believe from the evidence in this case that the captain or pilot in charge of defendant's steamer, City of Savannah, at the time and place complained of by plaintiffs, saw the dangerous or perilous position of plaintiffs' launch, Stag No. 2, or that while in their respective places as such captain and pilot and in the discharge of their respective duties as such, in the management of said steamer, said captain or pilot, or either of them, by the exercise of ordinary care could have seen such perilous and dangerous position of said launch, and either of them after so discovering said dangerous and perilous position of said launch, or by ordinary care could have discovered same, by ordinary care could have avoided the collision, striking and sinking of plaintiffs' said launch, and failed to exercise such care to prevent same, then and in that event only, if you shall so believe from the evidence in this case, the law is for the plaintiffs and you will so find."

"2. If you find for the plaintiffs you will assess in their favor one-half, and only one-half of the reasonable market value of said launch, Stag No. 2, at the time complained of by plaintiffs, but not exceeding in amount $425."

The jury found for the owners of the launch in the sum of $350, and the Packet Company appeals from the judgment entered on the verdict.

It is insisted on the appeal that the court did not properly submit to the jury the question of the contributory negligence of those in charge of the launch. But there is a difference between the effect of contributory negligence under the admiralty rule and the law as laid down by this court in other cases. Under the admiralty rule, if both vessels are negligent each must bear one-half the loss. Under this rule if those in charge of the launch were negligent, and the steamer was also negligent, one-half the loss would fall on the owners of the launch and one-half on the owners of the steamer. It will be observed that by the instructions of the court, the jury were only authorized to find for the plaintiffs in any event one-half of the reasonable market value of the launch, and they were authorized to find this only if they found under instruction No. 1 that there was negligence on the part of those in charge of the steamer. The court by his instructions assumed that the operators of the launch were negligent. He did not submit that question to the jury, but in effect told the jury that they were negligent, and that if they found for the plaintiffs they could only find one-half the value of the launch. The ruling of the court followed the rule laid down by the United States Supreme Court in The Pennsylvania, 19 Wall., 136. It was the duty of the steamer in backing out from the wharf to keep a reasonable lookout. It ran over the launch without seeing it, and did not know that it had been struck until after it had passed it. There was abundant evidence to submit to the jury the question whether a reasonable lookout was maintained by the steamer under the circumstances. (Chamberlain v. Ward, 21 How., 548; The Great Republic, 23 Wall., 20, The Ottawa, 3 Wall., 268; The New York, 175 U. S., 187; The Nevada, 106 U. S., 149.) The launch was worth $700 or $800, and the recovery is for only one-half of the loss.

Judgment affirmed.