[Civ. No. 2197.   Fourth Appellate District.—November 19, 1940.]

THOMAS C. COLBURN, Appellant, v. ROBERT B. SCHILLING, Respondent.

Head, Wellington & Jacobs for Appellant.

Forgy, Reinhaus & Forgy and A. M. Bradley for Respondent.

BARNARD, P. J.—This is an action for damages, the plaintiff having been struck by an automobile driven by the defendant. A jury returned a verdict in favor of the defendant and the plaintiff has appealed from the judgment.

The accident happened in the evening as the appellant was walking across Orange Avenue in Santa Ana, at a point near the intersection of that street with Camille Street. Orange Avenue runs north and south and Camille Street east and west. The appellant walked in an easterly direction on the sidewalk on the northerly side of Camille Street. On reaching the right-angle intersection of that street and Orange Avenue he turned north and walked along the sidewalk on the westerly side of Orange Avenue. After proceeding a short distance he turned to his right on a private walk which extended from a residence across the parkway to the west curb of Orange Avenue. When he reached that curb he looked to the south and saw the headlights of the respondent's car, which was approaching from that direction on the easterly side of Orange Avenue. He testified that he could not see whether this automobile was a block or two blocks away at that time. He then looked to the north and stood there on the curb "fifteen, twenty, maybe thirty seconds". He then started across the street, angling in a northerly direction toward a private driveway which was farther north on the easterly side of Orange Avenue. He did not again look to the south and did not again see the respondent's approaching car, even when it struck him. The respondent, who was traveling at a speed of twenty-five miles an hour, saw the appellant when he was some twenty-five or thirty feet away. He applied his brakes and swerved to the left, but his right front fender struck the appellant.

The appellant first complains of an instruction in which the jury was told that the duty of a pedestrian in crossing a public highway is to exercise reasonable care for his own safety and that "this duty becomes greater when the pedestrian knew or as a reasonably prudent person should have known that by virtue of darkness, the color of clothes, or the absence of light upon the highway it would become difficult for the operator of a motor vehicle to observe him". It is contended that there were no facts justifying the giving of this instruction and that the instruction directed the jury to find the appellant guilty of negligence as a matter of law by assuming that there was "intense darkness" and that the appellant had on dark clothing. There was evidence that it was dark at the time and place, that there were trees around the point in question and that there was but one 60-candle-

power light above the center of the intersection, a short distance away. The appellant was dressed in a gray suit at the time of the accident and wore the same suit while on the witness stand. The jury not only saw this suit but was taken to the scene of the accident to view the conditions there. The instruction not only stated the correct rules of law but was based upon facts which appeared in evidence, and the court assumed no facts but properly submitted to the jury the question of fact as to whether the appellant had exercised reasonable care under the circumstances existing at the time in question.

■ The appellant next complains of two instructions relating to a crosswalk at this intersection:

"I instruct you, ladies and gentlemen of the jury, that if you find from the evidence in this case that the plaintiff attempted to cross the intersection of Camille and Orange Avenue from the private walk in front of the house on the Northwest corner of the intersection and not from a point within the prolongation of the boundary line of the sidewalk on the North side of Camille Street, then I instruct you that the plaintiff was not crossing Orange Avenue within a marked or unmarked crosswalk and it was his duty to yield the right-of-way to the defendant herein and if you find that he failed so to do, I instruct you that his conduct was negligence as a matter of law, and if it contributed directly or proximately in any degree, no matter how slightly, to the accident, the plaintiff is not entitled to recover and your verdict shall be against the plaintiff and in favor of the defendant, Robert Schilling."

"I instruct you, ladies and gentlemen of the jury, that if you find from the evidence that the plaintiff was crossing Orange Avenue other than at the unmarked crosswalk at an intersection that it was his duty to yield the right-of-way to the defendant and in the event that you find from the evidence that he failed so to do, then I instruct you that such conduct on his part constituted negligence as a matter of law, and if you further find from the evidence that such conduct contributed in any degree, no matter how slightly to the accident, then I instruct you that your verdict shall be against the plaintiff and in favor of the defendant, Robert B. Schilling."

It is here contended that the first of these instructions erroneously told the jury that there was an unmarked crosswalk at this intersection; that there was no such unmarked crosswalk here because the four-foot cement sidewalk along the north side of Camille Street did not continue to the curb on the westerly side of Orange Avenue but stopped three feet short of that curb, the intervening space being a parkway; and that the question of whether or not an unmarked crosswalk existed at that point should have been left to the jury.

Section 562 of the Vehicle Code provides that a pedestrian crossing a roadway at any point other than within a crosswalk (marked or unmarked) at an intersection shall yield the right of way to approaching vehicles. Section 85 defines an unmarked crosswalk as that portion of a roadway ordinarily included within the prolongation of the boundary lines of sidewalks at intersections of streets which meet at approximately right angles. We think the latter section, in referring to sidewalks, was intended to refer to the space between the property line and the curb and not merely that portion thereof which happens to be covered with cement or other material making an improved walk. Whether or not this be true, the section certainly was intended to refer and apply to the prolongation of the boundary lines of existing sidewalks whether or not the improved part thereof extends clear to the curb or stops a few feet short thereof. The section was meant to apply to the space that would ordinarily be traversed by pedestrians proceeding along such a sidewalk and across the adjoining street. While we think the court could have properly instructed the jury that a crosswalk existed at the point here in question it did not do so, but merely instructed the jury that if the appellant attempted to cross Orange Avenue from a private walk which was not within the prolongation of the boundary line of the sidewalk on the north side of Camille Street it was his duty to yield the right of way to the respondent.

It is further contended that in these two instructions the jury was told that the appellant did not yield the right of way and that he was guilty of negligence as a matter of law and regardless of surrounding circumstances. Whether or not the appellant had yielded the right of way was left for the jury to decide, and this called for a consideration of

the surrounding circumstances. The question of contributory negligence was also left to the jury. While in these and the two instructions hereinafter considered the court stated that certain conduct would constitute negligence ''as a matter of law'', it is clear that the court intended to say that certain facts, if they were found to exist, would constitute negligence ''under the law''. While the language used was improper and unfortunate, the court left it to the jury as to what the facts were, and the jury could not have been misled by the technical error in the wording of this part of these instructions. Under the circumstances here appearing, we see no prejudicial error in this instruction.

█ Finally, error is assigned in the giving of two other instructions, as follows:

''I furthermore instruct you, ladies and gentlemen of the jury, that the duty of a pedestrian to look does not mean that it is his duty to look one way and to continue to so look, but it is his duty to look in the direction of anticipated danger and to continue to be alert to safeguard himself against injury and in the event that you find from the evidence in this case that the plaintiff either by virtue of failing to look or by virtue of the manner in which he was crossing Orange Avenue was not continually alert to safeguard himself against injury, then I instruct you that as a matter of law the plaintiff was negligent, and if you further find from the evidence that his negligence contributed in any degree, no matter how slightly, to the accident, the plaintiff cannot recover and your verdict shall be in favor of the defendant, Robert B. Schilling.''

''I instruct you, ladies and gentlemen of the jury, that if you find from the evidence that the plaintiff walked directly into a path of danger without taking any precautions for his own safety, such conduct on his part constituted negligence as a matter of law, and if you find that such conduct contributed in any degree, no matter how slightly, to the injury complained of, then I instruct you that the plaintiff is not entitled to recover and your verdict shall be against the plaintiff and in favor of the defendant, Robert Schilling.''

It is argued that these instructions assume that the appellant walked directly into the path of danger without taking precautions for his own safety, that they were not justified by the evidence, and that they directed the jury to find the

appellant guilty of negligence as a matter of law upon assumed facts. These contentions are without merit, the instructions - were based upon evidence which was received, and the question of appellant's contributory negligence was left to the jury as a matter of fact and not passed upon by the court as a matter of law. Taken in connection with other instructions which were given, the jury was fully and fairly instructed upon the rules of law applicable to the questions presented by the evidence.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 16, 1941. Carter, J., voted for a hearing.