## Ratterman et al. v. Cleveland.

February 18, 1949.

Woodward, Dawson, Hobson & Fulton for appellants.

J. Leonard Walker for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

An automobile driven by the appellant, Joseph E. Ratterman, struck and seriously injured the appellee, Edwin T. Cleveland, on October 18, 1946. The appeal is from a judgment in his favor for $5,237.25. The argu-

ment is confined to claimed errors in instructing the jury.

The accident occurred on Chenoweth Lane, a principal artery of traffic in St. Matthews, where it is intersected by Massey Avenue. Although not in an incorporated city, these are paved streets in a solidly built-up suburban district. The only departure from the usual or regular street intersections is that where Massey Avenue comes into Chenoweth on the west it is divided by a small grass plot so as to form a Y with the arms spreading out. Where it comes to Chenoweth on the east, it is of uniform width.

Mrs. Edwin Cleveland had brought her two little boys, the appellee, called Tommy, aged nine years, and Bobby, seven years old, along Massey Avenue to the west edge of Chenoweth Lane to see them safely across to the sidewalk on the other side on their way to school. A three-year-old child was with them. They stopped on the paved surface of the south arm, or branch, of the divided street. Mrs. Cleveland and Tommy testified that they looked both ways and the only car in sight was a square away approaching from the north, which lane would be on the same side of Chenoweth they were on. Tommy testified it was not the defendant's car, but the mother did not know whether it was or not. She considered the road to be clear and started her two boys across the street when the appellant's car appeared "just like it come out of a clear sky" and struck Tommy about the center of the street with terrific force. She had snatched the other child out of the way. A driver of a milk wagon going north testified that the appellant came very fast, "jumped the traffic" by swinging around another car at a fast speed, and "trapped" the little boys. The impact and other physical facts confirm the testimony of a very excessive speed.

The defendant's testimony is to the effect that he was driving about thirty miles an hour and did not pass any other car. When he was 300 feet away as he approached the Massey Avenue intersection, he saw the mother and children standing at a point which he designated on a blackboard diagram before the jury. We do not know where that was. It appears from his cross-examination that he located them on the concrete part

of Massey Avenue "to the right of the concrete" of Chenoweth Lane or at the edge of that street with a "ditch immediately back of them." He admits that he did not slacken his speed or blow his horn as he approached the intersection. When he was about sixty feet away, the boys "started to dash across the street." He applied his brakes and swung to the left trying to avoid them but struck the boy. He did not move but five feet, said he, after doing so. This contradicts evidence for the plaintiff that the car "skidded and buck-jumped fifty or sixty feet farther before it stopped. The child was picked up fifty feet south of the point.

In defining the duties of the defendant, Ratterman, the court stated that among other things it was his duty "To yield the right-of-way to the plaintiff if the plaintiff was crossing Chenoweth Lane in the cross-walk, whether marked or unmarked, at the intersection of Massey Avenue, and if necessary in order to yield the right-of-way to slow down or stop; and to exercise proper precaution upon observing the plaintiff upon the roadway." The first clause of the instruction follows the language of KRS 189.570(2). The second clause was predicated upon KRS 189.570(4) (d), which is a qualification of Subsection (4) (a) directing every pedestrian crossing a roadway at a point other than at a cross walk to yield the right-of-way to vehicles. Subsection (4) (d) is quoted for convenient reference:

"Notwithstanding the provisions of this subsection every operator of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing a child or a confused or incapacitated person upon a roadway."

The appellant contends that the giving of this instruction was error since there was no evidence to justify any cross-walk instruction, and, on the contrary, that the appellant's evidence clearly shows there was no cross walk at the place where the child was passing to the other side of the street and no fact from which the existence of a cross walk could be inferred. It is contended that the court should have given the defendant's offered instruction which followed the terms of Sub-

section (4) (a) of KRS 189.570. We cannot agree. That statute relates to a pedestrian crossing between intersections of streets or on a highway where there are no intersecting streets. Kentucky Virginia Stages v. Tackett's Adm'r, 294 Ky. 189, 171 S.W.2d 4; Louisville Taxicab & Transfer Co. v. Byrnes, 296 Ky. 560, 178 S.W.2d 4. The only basis for the argument that the statute covers a pedestrian crossing between intersections is that the division and fanning out of Massey Avenue at the west side of Chenoweth perhaps makes it a little wider than the undivided street on the other side of Chenoweth. There was no sidewalk or curbing at the point the plaintiff was standing as on the opposite side of the street and no lines marking the cross walk as in Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S.W.2d 564. But under the statute subsequently enacted, KRS 189.570, that makes no difference.

A similar statute has been construed as applying to the space that would ordinarily be traversed by pedestrians proceeding along a sidewalk and crossing the street to the other side. Colburn v. Schilling, 41 Cal. App.2d 541, 107 P.2d 279. Note Section 1271, 2 Blashfield, Cyclopedia of Automobile Law and Practice, Pocket Part. We think that a proper interpretation. The entire evidence indicates that that is where this child was crossing the street and where one would naturally do so. It was substantially at a place lines would be drawn if that plan were adopted. It is within the terms of KRS 189.570(2) and not 189.570(4) (a). The additional clause declaring it to be the duty of the defendant to exercise proper precaution upon observing the children on the side of the street was also fully authorized. Ashland Sanitary Milk Co. v. Messersmith's Adm'r, 236 Ky. 91, 32 S.W.2d 727. Moreover, the instruction conditioned the duty of the defendant in this particular to a belief by the jury that the child was crossing at such a place.

We think the court also properly appended the last clear chance provision to the instruction on contributory negligence. It was predicated upon the evidence as a whole and was particularly justified by the defendant's own testimony. He had continued at the same rate of speed and without sounding his horn after he saw the child start in front of his car. If the jury believed the

child was contributorily negligent in doing so at that time, it could well have believed that proper care by the defendant thereafter would have prevented the accident. Peak v. Arnett, 233 Ky. 756, 26 S. W. 2d 1035; Heskamp v. Bradshaw's Adm'r, 294 Ky. 618, 172 S. W. 2d 447. The case is distinguishable from Thomas v. Boklage, 293 Ky. 804, 170 S.W.2d 348, where a driver started the motor and backed a truck against a child standing in a cross walk without having taken cognizance of her presence although the circumstances indicated that he saw or should have seen her. The evidence there proved only primary negligence and not negligence through action or nonaction after the plaintiff had moved from a safe place into one of peril.

There was no place for an instruction on sudden appearance. The instruction on contributory negligence was sufficient. The defendant had seen these children and their mother on the side of the street when he was 300 feet away and they continued in view all the time. Dixon v. Stringer, 277 Ky. 347, 126 S.W.2d 448; Lehman v. Patterson, 298 Ky. 360, 182 S.W.2d 897; Likins' Adm'r v. Solinger, 300 Ky. 824, 190 S.W.2d 564.

We are of opinion all of the substantial rights of the plaintiff were preserved in the trial.

The judgment is affirmed.