## Hillman v. Hall.

December 2, 1949.

As modified on denial of rehearing January 31, 1950.

Caldwell and Robinson for appellant.

Thomas Burchett for appellee.

JUDGE LATIMER—Affirming.

Appellee, Silas G. Hall, a pedestrian, was struck by a car driven by appellant, Joe Hillman, while crossing 13th Street at the intersection of 13th and Central Avenue, Ashland. He suffered severe injuries. He instituted this action seeking to recover $5,000 personal injuries, medical and hospital bills in the sum of $300, and loss of income in the sum of $663.35. The trial resulted in verdict and judgment in the sum of $1500. Appellant prosecutes this appeal urging reversal on three grounds: (1) Admission of incompetent evidence. (2) Because the verdict and judgment are not sustained by the evidence and appellee was guilty of contributory negligence as a matter of law. (3) Error in instructions.

Appellee had been walking westwardly on Central Avenue and had proceeded to the southeast corner of the intersection, where he undertook to cross 13th Street in a westwardly direction. At the time of the accident there was no crosswalk marked off on 13th Street. There is a conflict in the evidence as to the exact path appellee took in crossing the street. The evidence of appellant tends to show that appellee did not cross at the accustomed crosswalk but walked in a southwestwardly direction and south of the regular crosswalk. The evidence of appellee tends to show that appellee crossed in a path approximately where the path would have been if the crosswalk marks had been there.

Appellant at the time of the accident was driving south on 13th Street and traveling at about 15 miles per hour. Two other cars were proceeding in the same direction in front of appellant. According to appellant's testimony, the car immediately in front of him, which appellant was trailing by about a car's length, veered to the center of the street and then turned westwardly on Central Avenue. He said that to some extent this car in front of him, in going to the center of the

street, obscured his view. He said that after this car turned from in front of him he first saw appellee walking westwardly across 13th Street south of the regular walkway. Whereupon, he immediately applied his brakes and had practically come to a stop when his car struck appellee.

The incompetent evidence particularly complained of was the introduction of a photograph which showed automobiles on the street and a man standing in the street. Objection was made to the introduction of this photograph. The court admitted it after admonishing the jury that: "Before looking at the picture it is to be considered by you for the purpose indicated by Mr. Burchett, who is introducing the picture. There is a man standing in the intersection and some automobiles on the street. Now, that man wasn't in the intersection at the time of the accident and neither were the automobiles there and you will disregard the man standing in the street intersection and also disregard the persons or automobiles there."

In support of his contention, appellant cites and quotes from Square Deal Cartage Company v. Smith's Adm'r, 307 Ky. 135, 210 S. W. 2d 340, 344, wherein the court said:

"* * * A photograph of a person taken in order to show the precise position of a party or to show where some moving or movable object was at a given time is not competent, for it is self-serving and not corroborative."

Also cited are Welch v. Louisville & N. R. Co., et al., 163 Ky. 100, 173 S. W. 338, and Nunnelley's Adm'r, v. Muth, 195 Ky. 352, 242 S. W. 622, 27 A. L. R. 910. It will be noted, however, that in those cases the photograph was introduced for the purpose of showing the precise position of the injured party at the time of the accident. That is not the case here. Apparently, the photograph was introduced to show the surroundings without regard to, and under the admonishment not to consider, the person or the cars in the street.

In the case of Welch v. Louisville & N. R. Co. et al, supra (163 Ky. 100, 173 S. W. 340), the court said:

"While photographs properly proven are compe-

tent for the purpose of showing conditions existing at the time, and the fact that a person occupying the position of the injured party is shown in the photograph is not ground for rejecting it as evidence, where the photograph is used merely to illustrate to the jury the circumstances under which the accident occurred (Bowling Green Gas Light Co. v. Dean's Ex'x, 142 Ky. (678), 679, 134 S. W. 1115), yet photographs are not admissible, when taken after the accident, to show the precise position of the party at the time of the accident."

In the case of Bowling Green Gas Light Co. v. Dean's Ex'x, 142 Ky. 678, 679, 134 S. W. 1115, the court admitted a photograph showing the position of the deceased on the telegraph pole at the time he received an electric shock which produced his death. We said:

"A photograph of a telegraph pole and wires with a man on the pole in the position decedent was in when he received the injuries sued for was properly admitted in evidence; its accuracy being established." See also Greer et al. v. Richards' Adm'r, 273 Ky. 91, 115 S. W. 2d 568; and Louisville & N. R. Co. v. Bell, 276 Ky. 778, 125 S. W. 2d 239.

From the above evidence it becomes immediately apparent that the second ground urged is not sustainable. The prevailing rule seems to be that "the trial court is not justified in taking the case from the jury unless facts are not in dispute, or the proof is such that fair-minded persons might not differ about them." See Remmers' Ex'x v. Mayhugh, 303 Ky. 366, 197 S. W. 2d 450, and the cases cited therein.

We now come to the more difficult portion which has to do with the instructions. It is insisted that the court erred in its refusal of two instructions offered by appellant. The offered instructions are:

"No. A. The court instructs the jury that it was the duty of the plaintiff, Silas Hall, in crossing 13th Street at the time and place mentioned in the evidence, to keep a reasonable lookout both to the north and south on said 13th Street to observe the presence or approach of automobiles using said street, and to exercise ordinary care for his own safety; and if you believe from the evidence that he failed to observe these duties, or

either of them, and by reason thereof he helped to cause or bring about his injuries, and but for his said failure, if any, he would not have been injured, then you should find for the defendant, Joe Hillman.''

''No. B. If the jury shall believe from the evidence that the defendant, at the time and place of the accident and when crossing 13th Street, was not walking in a marked or unmarked crosswalk across 13th Street, but was walking south thereof, and you further believe from the evidence that by reasonable judgment and calculation or estimate of distance, speed and time of both said Hall and the automobile driven by Hillman, it could have been determined by said Hall that the automobile driven by Hillman would probably first reach the point of meeting, then the jury is instructed that it was the duty of Hall to yield the right of way to Hillman's automobile and the jury should find for the defendant, Joe Hillman.''

The above are predicated on the belief that the pedestrian should have been charged with some duties. It is contended that the instructions as given by the court do not specifically state a single duty of appellee. Appellant insists that his position is supported by the cases of Ramsey v. Sharpley, 294 Ky. 286, 171 S. W. 2d 427; Ratterman v. Cleveland, 309 Ky. 435, 217 S. W. 2d 978; and Whittaker v. Thornberry, 306 Ky. 830, 209 S. W. 2d 498.

In the Ramsey case above, the court discussed Subsection (4) (a) of KRS 189.570 and held that it must be read in conjunction with Subsection (4) (d).

In the Ratterman case, like this, the crosswalk was unmarked. There was a question as to whether the injured person was within the crosswalk area. In discussing the matter with relation to KRS 189.570(2) the court said (309 Ky. 435, 217 S. W. 2d 979):

''The entire evidence indicates that that is where this child was crossing the street and where one would naturally do so. It was substantially at a place lines would be drawn if that plan were adopted. It is within the terms of KRS 189.570(2) and not 189.570(4) (a).''

In the Whittaker case the rights and duties of both parties were discussed. There the pedestrian ''had

seen the bus coming in the middle of the block west of Floyd Street, as he says, at a rapid rate of speed." He had taken only three or four steps from the curb when struck and the question of his leaving a place of safety and coming into the path of the bus was in issue. The case of Pryor's Adm'r v. Otter, 268 Ky. 602, 608, 105 S. W. 2d 564, was referred to, and the comment made that although the Pryor case was decided prior to the enactment of KRS 189.570, there was a city ordinance in effect similar to that later enacted section of the Statute. The instructions therein, which followed Section 198, Stanley's Instructions to Juries, and which in substance were the same as given by the court herein, were approved.

The facts and circumstances of the cases above referred to are not entirely parallel with the facts and circumstances herein. Forgetting for the moment appellee's testimony, according to appellant's own testimony his view was obstructed for a brief period of time by the car immediately in front which pulled over toward the center before making a right hand turn. That car did turn right and apparently, appellant, without stopping or making proper observation after this temporary obstruction of view, proceeded down the street, and onto the man who was crossing the street, whom he first observed when only about five feet from him. If appellant's testimony was true, the car nearest to appellee was the car that made the right hand turn. It is only natural to presume that due signal was made for this turn. Consequently, appellee had every reason to believe that a car making a turn would in no way interfere with his crossing the street. The circumstances here do not require the same character and kind of instructions as the circumstances demanded in the Thornberry case.

We think the instruction requiring appellee to exercise ordinary care for his own safety was sufficient.

The judgment is affirmed.