## Rexroat v. Commonwealth.

February 7, 1950.
James C. Carter, Jr., Judge.

200

L. C. Lawrence and Morris Montgomery for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

JUDGE HELM—Reversing.

Appellant, Ralph Rexroat, charged with assault and battery, was found guilty and his punishment fixed at a fine of $500. He appeals, assigning as errors: (1) The court erred in permitting the Commonwealth to introduce incompetent evidence; (2) the court erred in overruling the demurrer to the indictment; and (3) the court erred in overruling defendant's motion for a directed verdict.

On December 2, 1947, about 7:30 p. m., J. D. York, 72, who lives near Windsor in Casey County, was walking west on Highway 80, a black top road about 20 feet wide, toward Russell Springs. Returning home from Tilford Wilkinson's store, York says that as he was passing Marvin Dawes' house he was walking on the left side of the road when he heard a car coming down the road, going in the same direction. The car hit him in the back and that is the last he knew for sometime; it was "a little down grade" there; he had a flashlight in his hand; he had not been drinking. Caleb York, son of J. D. York, Tilford Wilkinson, and Marvin Dawes say they did not see any indication that he was drinking.

Marvin Dawes and his wife did not see the accident. Dawes says appellant came to his house, asked

for a light, and told him he had "hit" York. Dawes went with him; it was dark; they found York on the south side of the black top, but did not find a flashlight. They put York in appellant's car and he was taken to a hospital at Somerset. Mrs. Dawes had seen Ralph come around the curve and heard him hit a post; his lights "were on;" he was not driving "very fast."

Three photographs, taken after the accident, were introduced by Fred Burkhart and made a part of the record.

Appellant says he is a soldier; has been in the service about four years. On the night of the accident, he was driving a 1936 Ford Sedan on Highway 80 toward Russell Springs; "I had just left my home in sight of" Marvin Dawes' store; "as I went around the curve I saw Mr. York in the middle of the road with no light or anything and he started to run to the right and I cut the car to left to try to miss him, and instead of him doing that when I went to the left he turned back and dodged towards my car and I tried to stop and he kept coming and I couldn't go back and he hit the car about the front door on the right-hand side." He was not driving "very fast." In trying to miss York, appellant pulled to the left side and went into a fence, which was about three feet lower than the road. He did not put on his brakes as he was trying to miss York.

Dawes and appellant put York in appellant's car. Appellant drove by his son Caleb's home; he and Caleb put a couple of blankets and a quilt around him. Just before appellant and Caleb got to Nancy, appellant's car stopped; they flagged Mr. Wilson and Mr. Ramsey; they took York to the Somerset hospital. York vomited on the blankets. Ramsey got the odor of whiskey from York's breath and from the quilt after he had vomited; Wilson also got the odor of alcohol. Dr. Cooper, who examined York at the hospital, stated that York "had the odor of alcohol on his breath." The nurse who assisted Dr. Cooper in the examination of York, said, "He had been drinking."

Of the photographs introduced, No. 1 shows a stretch of highway with one man standing over at a fence, and with two men squatted down on the highway, each pointing to something on the highway; photograph No. 3 shows a stretch of highway with a man standing

at a fence, and with another man squatted down pointing to something at the side of the highway. The testimony does not show just when these photographs were made, and it does not show that the highway with surrounding territory was in the same condition when the photographs were made as it was at the time of the accident.

In Louisville & N. R. Co. v. McCoy, 261 Ky. 435, 87 S. W. 2d 921, we held that photographs of the place of injury are competent where it is shown that conditions were the same at the time photographs were taken as when the injury occurred. In Square Deal Cartage Co. v. Smith's Adm'r, 307 Ky. 135, 210 S. W. 2d 340, 344, we said: "* * * A photograph of a person taken in order to show the precise position of a party or to show where some moving or movable object was at a given time is not competent, for it is self-serving and not corroborative."

This is quoted with approval in Hillman v. Hall, 311 Ky. 790, 225 S. W. 2d 667. When well-made photographs of a situation, which is shown not to have changed since an accident, are introduced in testimony, they are of much value to the jury and to the court. We are constrained to hold that photographs Nos. 1 and 3, introduced in this case, are not competent because they are self-serving and not corroborative.

In the accusatory part, the indictment charges: "Ralph Rexroat of the offense of assault and battery." In the descriptive part, it is set out that: "Ralph Rexroat * * * did strike, hit and wound one John D. York * * *." But, by oversight, the indictment does not set out with what Rexroat struck, hit or wounded York. Except for the omission of this essential part, the indictment seems to be in the usual form of an indictment for assault and battery with an automobile.

For the errors indicated, the judgment of the lower court must be reversed. All other questions are reserved.

The judgment is reversed for proceedings not inconsistent with this opinion.