John A. GREGORY, Jr., Ancillary Administrator of the Estate of Robert E. Hall, Sr., Appellant,

v.

PADUCAH MIDSTREAM SERVICE, Appellee.

Court of Appeals of Kentucky.

March 25, 1966.

Charles A. Williams, Paducah, Dresbach, Crabbe, Newlon & Bilger, Columbus, Ohio, for appellant.

A. E. Boyd, Jr., Boyd & Boyd, Paducah, Robert O. Miller, Murray, for appellee.

WADDILL, Commissioner.

This action for wrongful death was brought by appellant, John A. Gregory, Jr., as ancillary administrator of the estate of Robert E. Hall, Sr., against appellee, Paducah Midstream Service, Inc., as lessee and operator of the tugboat Alice. The appellee moved for a directed verdict at the close of appellant's evidence on the grounds that (1) no negligence in the operation of the tug was shown, and (2) the evidence established the decedent was guilty of contributory negligence which was the proximate cause of his death. This motion was sustained and judgment entered accordingly.

■ Appellee was not entitled to a directed verdict unless the evidence construed most favorably for appellant was insufficient to sustain a verdict for him. Johnson v. Vaughn, Ky., 370 S.W.2d 591; Aubrey's Adm'x v. Kent, 292 Ky. 740, 167 S.W.2d 831. Ordinarily the question of whether an accident was caused solely by the defendant's negligence or was contributed to by the plaintiff should be left to the jury. Winn-Dixie Louisville, Inc. v. Smith, Ky., 372 S.W.2d 789; Eichstadt v. Underwood, Ky., 337 S.W.2d 684. Only where but one reasonable conclusion can be drawn by fair minded men will the court decide the issue as a matter of law. Middleton v. Partin, Ky., 347 S.W.2d 75.

The evidence discloses that at about noon on a clear day in August, 1962 Robert Hall, in the company of Robert May, was piloting a 17-foot pleasure craft, having a 75 horsepower outboard motor capable of propelling it 35 miles per hour, on Kentucky Lake. Hall was proceeding upstream on the lake in an area frequented by small boats when he sighted appellee's tugboat traveling downstream in the Tennessee River channel of the lake. The tug was moving about seven miles per hour and was pushing four empty barges which were arranged two abreast. Hall passed the tug on its right side, crossed in back of the tug and proceeded downstream along its left side. He continued traveling in a straight course until he was about 450 feet beyond the nearest barge when he turned his boat to the right and into the path of the oncoming tug. Suddenly the motor of Hall's boat ceased functioning and the boat stopped in front of the barges. Hall and May abandoned the boat before it was struck by the barges; May was rescued, but Hall drowned. (It later was discovered that the gasoline tank connected to the motor was empty).

The barges occupied an area approximately $70 \times 390$ feet in front of the tug and their highest sections were 13 feet above the water line. Only the pilot and a deck hand were on duty aboard the tug and they were stationed in the pilot house at the time of the accident. No one was aboard the barges. The pilot and deck hand testified that because their forward vision was obstructed by the barges for a distance of 1000–1200 feet they were unable to see Hall's boat after it passed the port side of the barges and were unaware of Hall's and May's dilemma until they were seen in the water alongside the tug. The pilot also testified that the tug would travel more than 150 feet, after stopping operations were begun, before their forward motion could be reversed.

Appellant contends that the failure to have a lookout posted on the barges constituted actionable negligence, and that Hall's act of crossing in front of the tug did not constitute contributory negligence as a matter of law. Appellant further contends that assuming Hall was contributorily negligent, it would not bar recovery since this action is governed by admiralty law.

■ The accident occurred on a navigable stream which is within the territorial limits of Kentucky. Although federal law does not provide a right of action for wrongful death in these circumstances, the instant action was maintainable under Kentucky's wrongful death statute, KRS 411.-130. Monongahela River Consol. Coal & Coke Co. v. Lancaster's Adm'r, 169 Ky. 24,

183 S.W. 258; Anno. 71 A.L.R.2d 1296, at 1308.

The accident occurred on a part of the lake that was frequented by small boats operated by vacationers. While a properly stationed lookout is required of those operating vessels on any navigable stream, the customary activity in this area of the lake placed an especial duty on the appellee to have such a lookout. Monongahela River Consol. Coal & Coke Co. v. Lancaster's Adm'r, supra.

Under appellant's evidence it could reasonably be determined that the lookout would have warned the pilot of Hall's danger in time to have slowed the tug sufficiently to avoid the accident. Accordingly, whether appellee's negligence in failing to have a properly stationed lookout was a proximate cause of Hall's death was a question for the jury to determine. We conclude that appellee was not entitled to a directed verdict on the first ground of its motion.

With respect to the second ground of appellee's motion, contributory negligence is premised on the theory that, in crossing the path of the oncoming tug, Hall violated the tug's right of way (see Rule 22 of the Inland Rules of Navigation, 33 U.S.C. Section 347, and Boat Regulation 14 (2) (11), adopted by the Kentucky Division of Boating pursuant to KRS 235.320), thereby placing himself in a position of danger. Under the facts presented we are unwilling to hold as a matter of law that a reasonably prudent person would have anticipated that the motor of Hall's boat would fail to properly operate when it reached the middle of the Tennessee channel of the lake. Upon the present record in the case, whether Hall was guilty of contributory negligence was a question which only a jury could determine under an appropriate instruction.

Relying on the rule in St. Louis and Tennessee River Packet Co. v. Murray and Wathan, 144 Ky. 815, 139 S.W. 1078, it is argued that even if Hall were contributorily negligent appellant would be entitled to a recovery of 50% of his damages under admiralty law. That case involved property damage and has not been extended to personal injury cases. In the subsequently decided Monongahela River case, supra, an action for wrongful death, it was observed that contributory negligence will prevent a recovery. Moreover in The "Tungus" v. Skovgaard, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524, 71 A.L.R.2d 1280, the Supreme Court of the United States rejected the argument that an action may be brought under a state law but that the conditions and qualifications of that law may be ignored and the resulting void filled by admiralty law. Also see 1 Benedict, American Admiralty, Section 148 (pg. 392).

In Goett v. Union Carbide Corp., 361 U.S. 340, 80 S.Ct. 357, 4 L.Ed.2d 341, it was held that it is the province of each state to determine whether state law or admiralty law shall be controlling in the application of that state's wrongful death statute to an action involving a maritime death.

It is our conclusion that contributory negligence is a complete bar to recovery under our wrongful death statute. Monongahela River Consol. Coal & Coke Co. v. Lancaster's Adm'r, supra; Feige v. Hurley, 6 Cir., 89 F.2d 575.

The judgment is reversed with directions to set aside the order sustaining the motion to dismiss and for further proceedings not inconsistent with this opinion.