**LIBERTY NATIONAL BANK & TRUST CO., etc., Appellant,**

v.

**Jack E. RAINES et al., Appellees.**

Court of Appeals of Kentucky.

May 12, 1967.

Harry L. Hargadon, Hargadon, Hargadon, Lenihan & Harbolt, Louisville, for appellant.

Victor W. Ewen, Jones, Ewen, MacKenzie & Peden, Louisville, for appellees.

CLAY, Commissioner.

Appellant represents a six-year-old child who was seriously injured when struck by an automobile driven by appellee Raines. After a trial the jury returned a verdict for appellees. On this appeal the only questions raised concern the correctness of the instructions given.

A brief résumé of the facts is necessary. Appellee Raines, accompanied by a passenger, was driving west on Walnut Street, near 29th Street, in the City of Louisville. Walnut Street in this area is four lanes

wide, with the outer lane on each side available for, and extensively used for parking. The neighborhood is residential, and it being a summer day, there were adults and children in the yards and on the sidewalks in the general area.

Cars were parked "all up and down" the curb lane as Raines approached. It is uncontradicted that the injured child ran or "darted" from between two of these parked automobiles into the path of appellees' automobile. While there is some question concerning the distance between the two parked automobiles, the evidence is convincing that the child emerged from a point near the front of a Buick (headed west) as appellees' car passed it.

Raines testified he did not observe the child before the moment of impact. His passenger did see the child shortly before the accident and when she screamed he applied his brakes. The car stopped almost at the point of impact. Another witness, driving behind Raines, had also seen the child just before he was struck. It is clear the witnesses who saw the child did not observe him until just as he emerged from behind the front of the Buick. No one saw him on the sidewalk or elsewhere in the street. However, other children were present in the area and were observed by Raines and other witnesses.

The first instruction about which a question is raised is as follows:

"(e) If you believe from the evidence that the defendant, Jack E. Raines, saw, or by the exercise of ordinary care could have seen that the infant plaintiff, Elzie Thompson, Jr., was in such position relative to the path of his car, as he operated it in a westwardly direction on Walnut Street, that the defendant, Jack E. Raines, in the exercise of ordinary care should have anticipated that the plaintiff, Elzie Thompson, Jr., would get in the path of said car, or so near thereto as to be in danger of being struck by said car, then it was the defendant's further duty in the exercise of ordinary

care, to have anticipated that the plaintiff would get in the path of said car, or in a position of danger of being struck by said car, and to operate said car so as to avoid striking said Elzie Thompson, Jr."

This instruction imposed on Raines a duty in addition to the usual duties of a motorist. Yet it was conditioned upon his seeing the infant plaintiff or anticipating his independent actions. It is contended, and we believe with merit, that Raines' duty was not so limited because of the presence of *other* children.

█ It is generally recognized that motorists are required to exercise special care (which is reasonable care under the circumstances) when driving in areas where vehicular traffic may endanger children in or near the street or highway. There is an extensive note on this subject in 30 A.L.R.2d, page 5. In Kentucky this duty to children has many times been recognized. See Roselle v. Bingham, 242 Ky. 496, 46 S.W.2d 784; Lehman v. Patterson, 298 Ky. 360, 182 S.W.2d 897; Lever Bros. Co. v. Stapleton, 313 Ky. 837, 233 S.W.2d 1002; Potts v. Krey, Ky., 362 S.W.2d 726; Mackey v. Spradlin, Ky., 397 S.W.2d 33; Thomas v. Gates, Ky., 399 S.W.2d 689; Modern Bakery, Inc. v. Brashear, Ky., 405 S.W.2d 742. In substance the applied principle is that where the motorist is aware, or should be aware, of the presence of children in or near a street or highway, he is charged with knowledge of their careless propensities to run into the path of moving vehicles, and with this knowledge he is required to bring his automobile under closer control to avoid striking any such child. The larger the number of children in the immediate area, the greater would be the potentiality of danger, and a higher degree of care would be in the realm of reasonableness.

█ While this court has recognized that the presence of children on or near a street or highway may call for greater

caution on the part of the motorist, the question has usually arisen in those cases where the defendant has asserted a right to a directed verdict. In none of our cases have we held that this circumstance requires a special instruction particularizing this duty. In our opinion such a special instruction is not required, though it properly may be given if it adequately defines such duty.

■ The presence of children is simply a circumstance (with many variable ramifications) which may bear upon the issue of reasonable care. We think that this factor is fairly encompassed in the ordinary instruction outlining the general duties of a motorist. The preceding instructions given by the trial court in the present case required defendant Raines to exercise ordinary care to avoid striking pedestrians on the street; to have his car under reasonable control; to keep a lookout for persons in front of him or so near thereto as to be in danger of collision; and to drive in careful manner, at prudent and reasonable rate of speed, with due regard for the safety of pedestrians and the use of the street. In addition, ordinary care was defined as that usually exercised by ordinarily careful and prudent drivers to avoid injury to a child under circumstances like or similiar to those shown by the evidence in this case.

It is apparent that the duties prescribed in the above instructions adequately encompassed all pertinent considerations which should enter into the jury's determination of whether or not Raines exercised reasonable care in the operation of his automobile. The presence of children was but one of the circumstances bearing on this issue and it was in the same category as the presence of parked automobiles or other traffic conditions which affected, or would reasonably affect, the manner in which a prudent motorist should operate his automobile. To emphasize this particular condition by a special instruction was not necessary.

Attention is called to Farmer v. Pearl, Ky., 415 S.W.2d 358 (this day decided), wherein we held that in defining "ordinary care" in a case somewhat similar to this one, while it is proper to make special reference to the child involved, it is not reversible error to fail to give such instruction.

■ Had the trial court adequately covered the scope of the particular duty which may have arisen because of the presence of children, we would not find that the giving of the instruction constituted reversible error. However, in restricting the jury's consideration to the presence of this particular plaintiff, it excluded the presence of other children which may have required extra caution under the circumstances. Since the instruction unduly limited the duty of defendant Raines, it constituted prejudicial error to present this aspect of what constituted reasonable care in that form.

■ Appellant's next contention is that appellees were not entitled to a "sudden appearance" instruction. We do find the instruction given on this theory was somewhat defective in form. It did not require the plaintiff to appear from a "concealed position" near the path of the vehicle, which we held to be required in a proper "sudden appearance" instruction in Thomas v. Gates, Ky., 399 S.W.2d 689. In addition, the instruction incorporated a "last clear chance" theory, which we do not find warranted under the facts of this case. Without deciding whether these defects would constitute reversible error, on another trial if the instruction is given, the propriety of which we will hereafter discuss, it should be in proper form.

■ Appellant contends the instruction should not have been given in any form for the reason that it is not required in those cases where the motorist is not keeping a proper lookout, citing Dixon v. Stringer, 277 Ky. 347, 126 S.W.2d 448, and Dr. Pepper Bottling Co. of Kentucky v. Hazelip, 284 Ky. 333, 144 S.W.2d 798. Those cases are distinguishable on the ground that the in-

jured child was in a position where he could and should have been timely observed. Based on a mathematical calculation, it is argued that Raines could and should have seen this child when 92 feet from the point of impact, but this contention flies in the face of the positive testimony of every eyewitness to the accident. All of the evidence is to the effect that the child darted from a place of concealment in front of a parked car. No one had but a momentary glimpse of him while he was moving from that position. That is the precise type of situation which we have heretofore recognized as justifying a "sudden appearance" instruction.

It is finally contended by appellant that the "sudden appearance" instruction should not be given in *any* case. The point is made that this instruction is in the same category as that of "unavoidable accident", and in the recent case of Sloan v. Iverson, Ky., 385 S.W.2d 178, we seriously questioned the necessity or propriety of such a latter instruction in an automobile collision case.

It must be admitted that the "sudden appearance" instruction has presented many difficult problems. As far back as 1939, in Dixon v. Stringer, 277 Ky. 347, 126 S.W.2d 448, this Court was raising questions about the propriety of such an instruction. As pointed out in that opinion, while the instruction originated in cases involving children (in 1908), it gradually crept into cases involving adults. The opinion vigorously condemns the whole doctrine as disregarding fundamental principles, and the instruction is characterized as "dubious" and "superfluous". Without rejecting the theory entirely, that decision attempted to limit it to those cases where the driver was keeping a reasonable lookout and there was no plea of contributory negligence. See also Dr. Pepper Bottling Co. of Kentucky v. Hazelip, 284 Ky. 333, 144 S.W.2d 798.

In 1966, because of the continuing difficulty of determining under what circumstances the "sudden appearance" instruction should be given, we noted that the law was still in a state of confusion. Thomas v. Gates, Ky., 399 S.W.2d 689. In that case we set forth the motorist's duty to anticipate the propensities of small children, and we held the "sudden appearance" instruction should be limited to the emergence of a child from a "concealed position near the path of the vehicle". That opinion reflects another attempt to restrict the application of the doctrine.

We have carefully reconsidered this matter. It is our opinion the "sudden appearance" instruction properly may be given in such a case as we have before us, but only if a special instruction is given which particularizes the motorist's duty when children are present. It should be given in no other type of case since the defense of contributory negligence would present this ground of exoneration.

The requirement that a motorist exercise special caution when children are present, imposed by a specific instruction, does not make him an insurer of the safety of the children. As to children seven years old and younger, he does not have the defense of contributory negligence. See Williamson v. Garland, Ky., 402 S.W.2d 80. Yet there are times when the precipitant act of the child should exonerate the motorist from liability. In fairness to such defendant, in the proper case, we think his defensive theory should be submitted to the jury in the form of a "sudden appearance" instruction.

As we have before intimated, the instruction should be given only in a case where a child seven years of age or younger is injured by a motor vehicle and there is proof that such child moved from a concealed position into the path of such vehicle.

A further limitation is that such instruction should not be given unless the trial court instructs on the particular duty of the motorist when children are present.

The judgment is reversed, with directions to grant appellant a new trial.

All concur.