**Paula Christine ROCK, an Infant by and Through her Father and Next Friend, W. A. Rock, Appellant,**

**v.**

**Ola Bowles CREACY et al., Appellees.**

Court of Appeals of Kentucky.

June 28, 1968.

E. P. Barlow Ropp, Redford & Redford, Glasgow, for appellant.

Louie B. Nunn, Joe L. Travis, Nunn & Travis, Glasgow, for appellees.

STEINFELD, Judge.

Appellant, Paula Christine Rock, seven years old, was injured when hit by a car driven by appellee, Ola Bowles Creacy. In a suit by and through her father and next friend for damages, the circuit court

directed a verdict for appellee on the ground that there was no showing of appellee's negligence. This appeal is from the judgment entered pursuant to that verdict. We reverse.

The accident occurred about 2:45 p. m. on a clear October Monday at a traffic-light-controlled intersection of U.S. 31-W and Ky. 70 in Cave City. At this intersection there are various buildings, including a school at the northeast corner.

Paula and her eleven-year-old brother were standing on the northwest corner of the intersection waiting for the light to change in their favor to enable them to cross the street. When the light changed and as the children were crossing toward the school, appellee made a left turn from Ky. 70 onto U.S. 31-W and her car struck Paula.

There was a marked crosswalk over 31-W from the northwest to the northeast corner. It was blocked by a car which had stopped for the traffic light and there were several other cars waiting behind it. A Mr. Abel, who was in one of the cars in the line, testified that he saw the children standing at the intersection and then go between two vehicles as Paula and her brother attempted to cross the street. He then lost sight of them and did not see the accident.

A Mr. Lyons, who was in one of the cars moving behind appellee, stated that when he, Mr. Lyons, made a left turn onto 31-W he did not see anyone crossing the street.

A Mr. France testified that he observed part of the accident and said that when he saw Paula she was about 15 to 20 feet north of the crosswalk near the center line dividing 31-W.

Appellant contends that the lower court erred in sustaining appellee's motion for a directed verdict when appellant had completed introduction of proof. The claim is that the evidence made a prima facie case of negligence.

One witness said that Paula was within the crosswalk the last time he saw her, shortly before she was struck and that the traffic light was in her favor.

Appellant cites Brown v. Wilson, Ky., 401 S.W.2d 77 (1966), wherein the defendant relied on the defense of sudden emergency. The court in explaining this defense said:

"* * * the defense of sudden emergency presupposes that, and is available only when, the defendant is exercising ordinary care."

"This appearance was not 'sudden' if appellee had been able to learn of its imminence by the exercise of ordinary care."

Appellant argues that the action now before us is not a "sudden emergency" case because it would have been possible for appellee to see appellant if she had been looking.

Appellant also cites Williamson v. Garland, Ky., 402 S.W.2d 80 (1966), which held that the question of appellee's lookout and whether he exercised ordinary care to avoid colliding with the appellant, a twelve-year-old boy riding his bicycle at the time of the accident, was a jury question.

Appellee counters by arguing that appellant's evidence did not establish where Paula was at the time of the accident, what she was doing, and whether appellee did or did not do anything which resulted in her injury. Appellee contends that there is no proof of her negligence and cites numerous cases holding that negligence cannot be presumed.

■ Appellee's motion for a directed verdict should have been overruled. In order to properly sustain such a motion, "The court must draw all fair and rational inferences from the evidence in favor of the party opposing the motion, and a verdict should not be directed unless the evidence is insufficient to sustain the ver-

dict. The evidence of such party's witnesses must be accepted as true." Clay, Kentucky Practice, Vol. 7, p. 73.

In Hillman v. Hall, 311 Ky. 790, 225 S.W.2d 667 (1949), we held:

"The prevailing rule seems to be that 'the trial court is not justified in taking the case from the jury unless facts are not in dispute, or the proof is such that fair-minded persons might not differ about them.'"

In Gregory v. Paducah Midstream Service, Ky., 401 S.W.2d 40 (1966), this court said:

"Only where but one reasonable conclusion can be drawn by fair minded men will the court decide the issue as a matter of law." See also Butts v. Wright, Ky., 418 S.W.2d 653 (1967).

Sutton v. Combs, Ky., 419 S.W.2d 775 (1967), held that:

"The purpose of a motion for judgment n. o. v. is the same as that of a motion for directed verdict. * * *. When either motion is made the trial court must consider the evidence in its strongest light in favor of the party against whom the motion was made and must give him the advantage of every fair and reasonable intendment that the evidence can justify. On appeal the appellate court considers the evidence in the same light."

■ In the case at bar the intersection was used by a large number of cars and pedestrians. The appellee owed persons on or about to come on the highway a duty to look out for them. Gretton v. Duncan, 238 Ky. 554, 38 S.W.2d 448 (1931); George v. Evans, Ky., 405 S.W.2d 285 (1966).

In Liberty National Bank & Trust Co. v. Raines, Ky., 416 S.W.2d 719 (1967), we said:

"It is generally recognized that motorists are required to exercise special care (which is reasonable care under the circumstances) when driving in areas where vehicular traffic may endanger children in or near the street or highway. * * *. In substance the applied principle is that where the motorist is aware, or should be aware, of the presence of children in or near a street or highway, he is charged with knowledge of their careless propensities to run into the path of moving vehicles, and with this knowledge he is required to bring his automobile under closer control to avoid striking any such child. The larger the number of children in the immediate area, the greater would be the potentiality of danger, and a higher degree of care would be the realm of reasonableness."

Frank v. Silvers, Ky., 414 S.W.2d 887 (1967), stated:

"(A) motorist can reasonably be expected to anticipate that pedestrians may be encountered at intersections. * * *. As it is common knowledge, every motorist is presumed to know that pedestrians do use the margins of public streets and highways as avenues of travel, that to some degree at least all roadways are so used, and that when such pedestrians come to intersections they must cross."

■ It is well established in this jurisdiction that although negligence will not be presumed, it may be inferred from circumstances which show the accident would not have occurred in the usual and ordinary course, if the driver had been exercising ordinary care. Stark's Adm'x v. Herndon's Adm'r, 292 Ky. 469, 166 S.W.2d 828 (1942).

A city police officer was asked and answered as follows:

"27. Was there a lot of traffic on this particular day at this particular time?

A. I would say so. There generally is that time in the afternoon.

28. Now, you say you were there for the purpose of letting school out?

A. That's right. We sit there every morning and every afternoon to slow traffic down to keep them from going through so fast.

29. Had the school already been let out when the accident happened?

A. It had."

We hold that the rationale of Liberty National Bank & Trust Co. v. Raines, supra (decided since this case was tried) and George v. Evans, supra, is applicable here. Also see Moore v. Lexington Transit Corp., Ky., 418 S.W.2d 245 (1967) and 2 A.L.R.3d 255.

Considering the evidence most favorable to appellant a jury question was presented.

The judgment is reversed with directions to grant a new trial.

All concur.