**George Edward WILLIS, Appellant,**

**v.**

**Leon SHERMAN, dba, etc., et al.,
Appellees.**

Court of Appeals of Kentucky.

Dec. 4, 1970.

As Modified on Denial of Rehearing
April 2, 1971.

Thomas M. Crawford, Louisville, for appellant.

Frank P. Doheny, Jr., Woodward, Hobson & Fulton, Louisville, for appellees.

OSBORNE, Judge.

On November 29, 1966, appellant, George Willis, was proceeding east on Algonquin Parkway in Louisville. He was in the outside lane (curb lane) when he stopped for a light at the intersection of Algonquin and Dixie Highway. It was his intent to turn south onto Dixie Highway. Simultaneously, appellee Jesse Nichols, a deliveryman for Sherman's Drugs, was traveling east on Algonquin at the approximate speed of 25 miles per hour. When approaching the intersection at Algonquin and Dixie Highway, Nichols saw that the traffic light was red and applied his brakes. He testified that on applying his brake pedal, some twenty-five feet from the intersection, his brakes suddenly and unexpectedly failed and he rammed into the rear portion of appellant's pickup truck. An officer who investigated the wreck found that the brake pedal on appellees' vehicle, a 1960 Volkswagen, when depressed, when all the way to the floorboard.

Appellant brought this action in the trial court for recovery of damages for personal injuries alleging the negligence of Jesse Nichols and his employers, Leon Sherman and Janet Sherman. The appellees instituted third-party complaints against Broadway Imports alleging their negligence in the maintenance of the brakes on the Volkswagen. The trial court sustained the motion for a directed verdict in favor of Broadway Imports. The correctness of this order is not before us. The issues were tried before a jury who found for the defendant.

Appellant presents five basic assignments of error. They are as follows: 1. He was prejudiced by the way in which the voir dire was conducted. 2. It was error to allow Joe Wilson to testify as an expert witness. 3. The appellant was entitled to a directed verdict as to the liability of appellees. 4. He was prejudiced because the instructions were improper. 5. He was prejudiced in not being allowed to refer in closing arguments to the failure of appellee to use his emergency brake.

We have concluded that this case must be reversed because of improper instructions and as it is extremely unlikely that the question concerning the voir dire examination will arise again, we will not deal with it in this opinion.

The second issue concerning the testimony of Joe Wilson as an expert witness may well come up again. Mr. Wilson was employed as a service manager for Broadway Imports, a Volkswagen dealership. He was a specialized mechanic and qualified as an expert on matters pertaining to automobiles and their braking systems. We believe he was qualified to render an expert opinion. Therefore, we see no error in permitting him again to testify as an expert.

Appellants' third contention is that the trial court erred in refusing to direct a verdict in his favor. We do not believe there was error in this respect. The law in this jurisdiction with respect to a directed verdict has long been that the trial court is not justified in taking a case from the jury unless the facts are not in dispute or the proof is such that fair-minded persons might not differ about them. Hillman v. Hall, 311 Ky. 790, 225 S.W.2d 667 (1950). Appellant contends that the proof is such that appellee could not have stopped his vehicle in time to avoid the accident even if his brakes had been good. We do not be-

lieve the total record is so clear on this point that the case should have been taken from the jury. We are also of the opinion that the question of whether appellees' brakes were adequate as required by KRS 189.090 was a question for the jury.

The trial court gave the following instructions:

"I. The law in this case is for the plaintiff, George Edward Willis, and you will so find unless you shall believe from the evidence that the collision concerning which you have heard evidence was caused and brought about by a sudden failure of the brakes on the defendant's automobile which the defendant by exercising ordinary care in checking and maintaining the braking system could not have known would have occurred, or unless you believe as set out in Instruction No. II.

"II. At the time and place about which we have heard the evidence it was the duty of the defendant, Jesse Nichols, to exercise reasonable control in the operation of his vehicle so as not to collide with the plaintiff's vehicle and to keep the defendant's vehicle under reasonable control. If you believe that the defendant, Jesse Nichols, was exercising ordinary care in the operation of the car about which you have heard the evidence and while exercising such care, if he was, was suddenly and unexpectedly confronted with imminent danger of a collision as a result of a sudden brake failure, if any, and acted in such emergency brought about as aforesaid, then the defendant, Jesse Nichols, was not required under the law to adopt the best course possible to avoid the impending danger but had the right to operate his car in such a manner as a reasonably prudent man would do under sim-

ilar circumstances to avoid such danger considering conditions upon and adjoining the highway at the time and place about which you have heard the evidence. If you find for the defendants under this instruction you will say so by your verdict and no more, but unless you so believe, you will find for the plaintiff under this instruction."

It is appellant's contention that these instructions are confusing and erroneous. It is clear that the jury were confused by the instructions because they came back into the courtroom and asked several questions about them. We are of the opinion that they were erroneous. Instruction #1 was proper if you strike from the last sentence the words "or unless you believe as set out in instruction #2."

Instruction #2 should read as follows: If you believe from the evidence that the brakes on the defendant's automobile suddenly failed and that such brake failure did not result from the lack of ordinary care on the part of the defendant, and further believe that the defendant was thereby confronted with the imminent and unexpected danger of collision, the defendant was not required to adopt the best possible course to avoid the impending danger but it was his duty after the discovery of the brake failure to exercise the degree of care that would usually be exercised by ordinarily prudent persons under the same or similar circumstances to avoid collision with the plaintiff's automobile, and if you believe from the evidence that he failed to exercise such care, the law is for the plaintiff and you will so find. There should be an instruction defining ordinary care. This should be followed by an instruction on damages.

The fifth question concerning error is whether appellant was prejudiced in not being allowed to refer in closing arguments to appellee's failure to use the emergency brake. In Veal v. Davis, Ky., 343 S.W.2d 593 and Swope v. Fallen, Ky., 413 S.W.2d

82, we held that this was not a proper subject to be included in the instructions. However, we see no reason why it should not be argued to the jury. The jury could well believe that the ordinary prudent man would use the emergency brake in an emergency situation. Therefore, the question of whether the defendant's actions under the circumstances were the actions of an ordinary prudent man is a question that can be legitimately presented in argument to the jury. If this point is presented on a retrial, we believe the court should permit the argument.

Judgment reversed.

EDWARD P. HILL, Jr., C. J., and MILLIKEN, NEIKIRK, REED and STEINFELD, JJ., concur.