## Horton Transfer & Storage Co. v. Donaldson.

(Decided June 19, 1936.)

C. G. YAGER and HOWARD VAN ANTWERP, JR., for appellant.

B. S. WILSON, J. G. M. ROBINSON, and DAVID BROWNING for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This appeal is prosecuted from a judgment for $5,000, recovered as damages in an action brought in the Boyd circuit court for personal injuries by E. W. Donaldson, as next friend, for his infant son, David Wylie Donaldson, received in a collision between a car in which he was riding and a motortruck of the appellant, Horton Transfer & Storage Company.

The Chevrolet car involved was the property of E. W. Donaldson and, at the time of the collision, was driven by his wife, the plaintiff's mother, accompanied by her sister, Miss Eleanor Browning, who sat on the front seat beside her and held in her lap Mrs. Donaldson's five year old son, the plaintiff, David Wylie Donaldson.

Appellant's truck involved in this collision was at the time in charge of and operated by Ray Sparks, its driver, and Glenn Prater, his helper.

Eleanor Browning received slight injuries as the result of the accident, for which she also, by a second suit, sought to recover damages, and wherein she was awarded a verdict and judgment for $100 upon hearing and trial thereof had with the instant case, which fact is here mentioned only as being explanatory of the testimony found in the record relating to her injuries. The smallness of the amount awarded her, however, precluded her appeal, and we are here concerned only with the appeal prosecuted by the defendant transfer company from the verdict and judgment for $5,000

obtained upon the trial of this cause in favor of the infant plaintiff, David Wylie Donaldson.

It appears that many of the facts as to the time, place, and circumstances attending this unfortunate accident are not in dispute, it being agreed that the collision between the car and truck here involved, and shown by the evidence to have resulted in plaintiff's serious and probably permanent injury to his sight, occurred in broad daylight on the afternoon of October 12, 1934, on Sixteenth street, between Winchester and Carter Avenues, in Ashland, Ky.

It appears by the map exhibited with the record, and admitted, that Sixteenth street is about 60 feet wide and runs north and south, while Winchester and Carter avenues, intersected by it, run east and west; also, that on the east side of Sixteenth street, between its intersection with Winchester avenue on the north and an alleyway about the middle of the block between Winchester and Carter avenues, where the collision occurred, is located the Presbyterian Church, while on its west side the like space, between Winchester and the alleyway, is occupied by the Second National Bank building and the telephone building, extending from its rear to the alleyway.

It further appears that shortly before the occurrence of this collision automobiles were parked on both sides of Sixteenth street at about a forty-five degree angle, and that appellant's truck had been parked against its east curb, in front of a side door of the church, for loading a church organ, but had, in order to permit an automobile parked next the truck to get out, been driven across the street by Ray Sparks, its driver, to within some five feet of the west curb of the street, opposite the telephone building, where it stopped and was standing at the time that Mrs. Donaldson, accompanied by her sister and little son, the infant plaintiff, starting home, was driving eastwardly on Winchester avenue, towards it Sixteenth street intersection; that she turned off Winchester avenue into Sixteenth street, along which she was driving southwardly towards the alley and Carter avenue, when, as they testify, they saw appellant's truck parked near the west curbing, where it was, by reason of its extra length of some twenty feet, plainly visible to

them, since it extended out into the street much further than the other nearby automobiles parked closer to the curb. Mrs. Donaldson and her sister admit that the truck, when first seen, was then so parked and stationary. However, they testify that as they approached the truck, she swung her car over to the left, nearly to the middle line of the street, in order to clear its rear end projecting far out into the street, but that, while thus attempting to pass behind it, the driver of the truck, without notice or warning given them, suddenly began backing it into and across the middle of the street, negligently ramming its rear corner into her passenger car, causing the resulting injury and damage to it and its occupants here complained of.

The evidence for plaintiff is further that Mrs. Donaldson, upon perceiving that the backing truck was about to run into them, sounded her horn two or three times, warning the truck driver of her position and approach, and also undertook to avoid the threatened collision with it by swinging her car even farther away from it, over to the east side, across and beyond the middle line of the street some six or seven feet, when the rear end of the truck, which was still being backed by its driver, so violently struck and rammed her automobile near its center, at about a right angle, as to crush in its doors and side, break its windows, and shove and force the car sideways some five or six feet farther eastward, or almost against the cars parked at the east curb of the street.

It is admitted that by reason of the force of the collision and the flying broken glass caused thereby, the infant plaintiff was badly cut about the head and face and his right eye cut open, causing him great suffering and probably resulting in permanent injury to his sight.

To the petition alleging such facts, an answer was filed traversing all its allegations.

The contending parties, however, while agreeing as to the fact and force of the collision, the time and place of its occurrence, and the serious and probably permanent character of the plaintiff's eye injury and sight impairment resulting therefrom, strongly dif-

fer in their theories of the case, as to its cause and the manner of its happening and as to which of the two, under the adduced evidence, should bear the blame and responsibility therefor.

It is appellant's contention and theory as to the cause of the collision that when his truck was driven across Sixteenth street and stopped near the curb on its west side, plenty of room was left between the rear end of the truck and the middle line of the street for Mrs. Donaldson's car to have safely passed on the west side of the street behind it, but that she, in operating her car, failed to see or else misjudged the location of the rear end or lowered "tail gate" of the truck, and that because of such oversight or mistake she drove her car against it, and in so doing scraped and crushed in its side, shattering the glass of the doors and throwing it into and against plaintiff's head and face.

It is the opposing contention of appellee that the point of collision was on the east side of Sixteenth street and that the truck suddenly began backing at or about the same time as she was passing behind it; and that it, by its yet continued backing, pushed her car, after striking it, some five or six feet further to the east side of the street, or almost against the cars parked along its east curb.

Again, on the other hand, appellant contends that the truck was not backing across the street when the collision with plaintiff's car occurred, but that it remained stationary, on the west side of the street, and that the Donaldson car was driven into its rear end corner while so standing there.

It becomes apparent that, such being the conflicting theories of the contending parties, the pivotal issue, if not the only material one, thus joined upon the pleadings and evidence, and upon which the whole case appears to turn, is whether the truck at the time of the collision was in motion and backing or was then stationary.

At the conclusion of the evidence, defendant's motion for a peremptory instruction being overruled, the jury, upon the evidence heard and under the instructions of the court as given it under the pleadings

and evidence, returned a verdict awarding plaintiff damages in the amount of $5,000, upon which judgment was accordingly entered.

The defendant has appealed, seeking its reversal upon the grounds: (1) That the given instruction No. 1 is erroneous and should not have been given, for the reason: (a) That it does not present the issue in the most intelligible form to the jury; (b) that it is not confined to the issue; (c) that it is contrary to the pleadings and evidence; and (d) that it did not present appellant's theory of the case to the jury; and (2) that the verdict is against the weight of the evidence.

This instruction No. 1 given by the court and so criticized is as follows:

"The court instructs the jury that it was the duty of the agent and servant of the defendant, Horton Transfer & Storage Company, in charge of, and operating the truck mentioned in the evidence *in backing said truck* from the westerly side towards the easterly side of 16th Street in the City of Ashland, Ky., *if he did so*, at the time and place and on the occasion mentioned in the evidence, to maintain a reasonable lookout, at all times while backing said truck for the presence of persons and vehicles traveling and using said street at that time and place and to have said truck under reasonable control so that he might by the exercise of ordinary care avoid its colliding with persons or vehicles using said street at said time and place and *if you shall believe from the evidence* in this case that on the occasion mentioned in the evidence *the agent* and servant *of the defendant* then and there in charge of and *operating defendant's said truck was backing said truck in said street, and that in doing so he failed to observe one or more of said duties, and that his failure, if any there was,* contributed to cause or bring about the collision with the automobile in which the plaintiff, David Wylie Donaldson, was then riding, and that by reason thereof the said plaintiff, David Wylie Donaldson, was injured then the law is for the plaintiff and the jury

will so find and fix his damages as defined in Instruction No. 2. (Italics ours.)

"Unless you so believe and find from the evidence in this case, then the law is for the defendant and the jury will so find."

We will now consider and undertake to dispose of these criticisms of the instruction.

As to the first of them, that the instruction was erroneous in not being presented in the most intelligible form, it is our opinion that while the instruction, perhaps, might have been submitted in a somewhat briefer form, in view of there really being here presented but one issue upon which the disposition of the case appears to turn—and which is, whether or not the truck at the time of the collision between the two vehicles, which injured Mrs. Donaldson's car and its occupants, was then in motion and backing, as contended by plaintiff, or was then stationary, as contended by appellant —it yet expressly submitted to the jury that issue as to whether it was backing as a controverted fact in evidence to be determined by it, rather than as one assumed by it, and so instructed upon.

But the appellant insists that while the instruction here given contained the words "if he did so" and "if you shall believe," with respect to the question as to whether or not the truck was backing at the time of the collision, this pivotal issue was so buried and obscured by its redundant phraseology that the court in effect told the jury that the truck was backing at the time the accident occurred, or assumed such fact as established, whereas its controverted existence was the dominant issue on the pleadings and evidence.

We do not concur in the propriety of this criticism of the instruction thus urged, for the reason that its wording, as set out in full above, clearly and squarely, it appears, placed before the jury this controlling question of whether or not *they believed from the evidence that the truck was at the time of the collision backing, and if so,* whether or not the appellant's servant then in charge of and operating the truck was maintaining a reasonable lookout for the presence of persons or vehicles then using the street, and exer-

cising ordinary care to avoid colliding with and injuring them.

Clearly the instruction only imposed the therein named duties upon the operator of the truck, as being required of him only upon the expressly named condition of the jury's finding and believing from the evidence that appellant's servant was then backing the truck into the street.

While it may be conceded that the rule on instructing the jury is to advise it of the applicable rules of law covering the concrete facts in evidence in such a concise and direct way or form as enables it to understand the meaning and direction given it by the court, as we have repeatedly held in numerous cases (Louisville & N. R. Co. v. King's Adm'r, 131 Ky. 347, 115 S. W. 196; Louisville Gas & Electric Co. v. Beaucond, 188 Ky. 725, 224 S. W. 179; Log Mountain Coal Co. v. White Oak Coal Co., 163 Ky. 842, 174 S. W. 721), we are yet of the opinion that the duty imposed by such rule upon the court in its instruction of the jury has been substantially observed by it in giving the criticized instruction No. 1, in that we conceive that it places squarely before the jury in reasonably clear and intelligible form the question of whether or not the jury believed from the evidence that appellant's driver of the truck was at the time of the collision backing it, and, if so, whether or not he was further observing, when backing it, the then imposed duty of maintaining a lookout and by so doing exercising ordinary care to avoid collision with or injury to other persons or vehicles then using the street.

Appellant further assails the instruction upon the ground that it misled the jury, as it in effect told it, or assumed, that the truck was backing without maintaining a lookout, inasmuch as its driver had testified he was then not maintaining a lookout, and that the instruction was thus tantamount to a peremptory instruction to find for plaintiff. This criticism of the instruction we deem not meritorious, in that it expressly directed the jury that such duty was only imposed upon the truck driver upon the condition of their finding from the evidence that he was at the time of the collision backing his truck.

We do not regard the instruction, criticized in such respect, as either assuming the existence of this pivotal issue, that the truck was at the time backing, or as instructing the jury that it was upon such assumption to find the defendant liable by reason of its driver's admission that he was not observing a lookout while his truck was stationary. The instruction being so premised and conditioned, we are of the opinion that it cannot be forcefully argued that it directs a verdict for plaintiff upon the ground of the defendant's admitted failure to maintain a lookout when the truck was standing. Such duty was not by the instruction imposed upon the driver of the truck when stationary, nor was there any issue made on the pleadings and evidence as to such a duty resting upon the truck driver while stationary, but rather was the only issue confined to the matter of whether or not the truck was in fact at the time backing, the plaintiff contending that it was, whereupon arose the duty imposed to maintain a lookout to avoid injury to others, while the defendant contended that his truck was at the time stationary or not backing and, therefore, that no lookout duty rested upon him, nor was it under such conditions observed by him.

Such we conceive was the effect and limitation of the wording of the attacked instruction, and that it with reasonable clearness submitted to the jury the dominant issue raised under the pleadings and evidence as to whether the truck was backing and also the issue as to whether the truck driver, should the jury find the truck was backing, performed the duty imposed on him.

It being fundamentally the duty of the court to determine the questions of law and that of the jury to determine the questions of fact, we think the given instruction fairly presented the questions of law applicable to the facts in evidence according as the jury might from the evidence find and determine them to be; and that, in so doing, the instruction was confined to the issue raised and also presented to the jury the theory of the case, as urged by each of the contending parties; nor was the instruction, we conceive, for the reasons stated supra, erroneous, as insisted, as being contrary to the pleadings and evidence or as

presenting an issue not in evidence. For such reasons we conclude that appellant's attacking grounds urged against the instruction as erroneous are without merit and should be rejected.

Appellant's further or final contention for a reversal of the judgment is that the verdict is against the weight of the evidence.

In answering this contention, which we consider to be without merit, we do not deem it necessary to go into a detailed exposition of the testimony of plaintiff's witnesses or the counter evidence adduced by the the defendant, but deem it here sufficient to give but a substantial analysis of it.

The main issue here being as to whether or not the truck was negligently backed by its driver into the car in which plaintiff was riding when attempting to pass it, plaintiff sought to support his contention that such was the conduct of defendant's driver upon this occasion, with the claimed resulting liability for the plaintiff's injuries resulting directly therefrom.

To this end, Mrs. Donaldson, who drove the car at the time of the collision with the truck, testified that after turning into Sixteenth street, she saw appellant's truck parked on its west side near the curbing, and noted that its rear extended far out into the street and for such reason swung her automobile to the left to its middle line, but that when she had reached a point almost directly behind the truck, it began to back across the street, when she sounded her horn two or three times, warning the truckman of her presence there, but that the movement of the truck was so rapid that, even though she swung her car still farther to the east, the driver backed his truck into the side of her automobile, ramming her car on the east side of the street with such force as to break in the side of her car and tilt and shove it within a foot or two of the cars parked against the east curb of the street. Also, Mrs. Donaldson testified that the driver backed his truck without any notice given the persons and vehicles using the street that such was his intention.

To such effect, also, was the corroborating evidence of the plaintiff's aunt, Miss Eleanor Browning, an eyewitness of the collision and riding in the car

with plaintiff and his mother at the time; she testifies substantially in the same manner as to these same facts.

Further, Mr. Blankenship states that he was in his car on the east side of the street, near the point of the collision, and that, on hearing the crash, he ran at once to the car and saw the truck pull forward, away from the Donaldson car, allowing it to settle back down from a partially tilted position, and that the truck had backed into the car.

To the same effect is the evidence of Mr. Harned, who was at the time in the bank building opposite the scene of the collision. He testifies that he saw the Horton truck pull away from the Donaldson car, which was close to the parked cars on the east side of the street.

Such, also, was the testimony of Thomas McCracken.

To like effect, too, is the testimony of the witness Hubert Gartin, who states that the Donaldson car was at the time as far over on the east side of the street as it could go, within two feet of the parked cars, and the truck was against it. Also he testified that he heard a loud noise from the truck motor before he heard the crash of the collision.

As against this, appellant's driver is about the only one who testifies the Horton truck was stationary, on the west side of the street, at the time of the collision, and that the Donaldson car drove against its rear gate before he backed out.

From this analysis of the testimony given in regard to the collision, it can readily be seen that the jury's verdict was not against the weight of the evidence, as contended by appellant.

For the reasons indicated, the judgment is affirmed.