# Deegan v. Wilson.

Nov. 21, 1941.

Kennedy & Kennedy for appellant.

Ben V. Smith & Son for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The facts out of which this litigation arose are so fully stated in our opinion on a former appeal reversing a judgment in the administrator's favor for $8,000 that a further recitation of them is unnecessary, Wilson et al. v. Deegan's Adm'r, 282 Ky. 547, 139 S. W. (2d) 58, 61.

The present appeal is from a judgment dismissing the administrator's petition, entered upon a verdict rendered under what the administrator contends were improper instructions, and since, in accordance with the Law of the Case Rule, their correctness is to be measured by our criticism of the instructions given at the former trial, we quote the following from our opinion:

"Instruction No. 1 told the jury that if they believed 'from the evidence that on the occasion of the injury of Gerald Deegan as referred to in the evidence, Murrell Wilson was acting within the scope of his employment for the Wilson Motor Company, as that term is defined in Instruction No. 2 below, then you are instructed that he was the agent of the defendants.' The instruction then defined the duties of the driver of the car. The second instruction defined the term 'scope of employment,' and submitted that question to the jury. We find no error in these instructions. Appellants offered ten instructions all of which were refused except instruction No. 5, which was an instruction on contributory negligence. They also offered an instruction defining the duties of the plaintiff's intestate, and an instruction, in substance, to the effect that if the jury believed from the evidence that the plaintiff's intestate suddenly changed the course of his bicycle and rode same in front of or against the automobile of defendants, and that the driver, by the use of ordinary care, could not stop the automobile, arrest its motion, or change its course, in time to prevent colliding with the deceased, then they should find for the defendants. We think an in-

struction defining the duties of the deceased should have been given, and also that the contributory negligence instruction should have been followed by an instruction on last clear chance as directed in Dixon v. Stringer, 277 Ky. 347, 126 S. W. (2d) 448. The defendants were entitled to have their theory of the case presented. Appellee insists that there was no evidence authorizing such an instruction, but there was testimony to the effect that the deceased apparently lost control of his bicycle and that it suddenly swerved to the left immediately in front of the automobile.''

It will be seen from the above excerpt from our former opinion that we approved the instructions given but held that the Court in addition should have given an instruction on contributory negligence qualified by adding the hypothesized facts which would permit a recovery under the last clear chance doctrine; an instruction defining the duties of the deceased; and an instruction exonerating the defendants if the deceased suddenly changed the course of his bicycle and rode same in front of or against their automobile, and the driver, by the use of ordinary care, was unable to stop it, arrest its motion, or change its course in time to prevent the collision. In compliance with this ruling the Court, at the last trial, gave the instruction on contributory negligence, adding thereto ''unless you further believe from the evidence that after the driver of the defendants' car discovered his peril, or by the exercise of ordinary care could have discovered it, he failed to use ordinary care and the means at hand to avoid colliding with and injuring plaintiff's decedent, in which latter event, you should find for the plaintiff.'' The Court also gave an instruction defining the duties of the deceased which differed from the one tendered at the former trial, in that it contained the added requirement that deceased operate his bicycle on the right side of the highway, and directed a verdict for the defendants if the deceased's failure to perform one or more of the duties *contributed* to his death, whereas, the previously tendered instruction directed a verdict for the defendants in the event the deceased's failure *caused* the collision and death. In addition the Court gave the following instruction:

''You are further instructed that if you believe from the evidence that the defendants did have the car

under reasonable control and it was being operated at a reasonable rate of speed, considering traffic conditions and surrounding circumstances and keeping a lookout ahead for pedestrians and vehicles upon the street, and exercising ordinary care to avoid injury to them, yet if you shall further believe from the evidence that plaintiff's intestate suddenly changed the course of his bicycle and rode same in front or against the automobile of defendants, and that the driver by the use of ordinary care could not stop the automobile, arrest its motion or change its course in time to prevent colliding with the said deceased, then the law is for the defendants, and you shall so find.''

It is strenuously argued by appellant's counsel that the Trial Court erred in giving the quoted instruction, first, because this Court did not direct the giving of such an instruction but expressly limited the additional instructions to be given to an instruction covering contributory negligence and one defining decedent's duties; and, secondly, because the quoted instruction was predicated upon the ''sudden appearance'' qualification expressly condemned in the case of Dixon v. Stringer et al., 277 Ky. 347, 126 S. W. (2d) 448. But we are unable to agree, since it is manifest from the last two sentences of the quoted portion of our former opinion that we did direct the giving of the instruction, and, from the language of the instruction, that it was not a ''sudden appearance'' instruction of the type defined and proscribed in the Dixon-Stringer case, since its application was predicated upon the proper and careful operation of the automobile. It is further argued that the Court erred in including in the instruction defining deceased's duties the requirements that he operate his bicycle on the right side of the highway, keep a lookout ahead, and run it at a reasonable rate of speed. But, as before pointed out, these requirements, with the exception of the requirement that the bicycle be operated on the right side of the highway, were contained in the corresponding instruction tendered at the former trial, which the Court tacitly approved, and all of appellant's witnesses testified that the deceased was on the right side of the highway at the time he was hit.

Finally, with regard to the instructions, it is argued that too many were given on the subject of contributory

negligence, and that this confused the jury. The argument is predicated upon the fact that in addition to the separate instruction on contributory negligence to which was added the clause permitting a recovery under the last clear chance doctrine, the instruction defining deceased's duties also embraced the subject. It may be true that the instructions were redundant and repetitious in the particulars complained of, but they correctly presented the crucial issue, whether the driver of the automobile was the agent of the defendants at the time of the accident, and, on the whole, could not have misled the jury as to the rights or duties of the actual participants.

It is further urged by appellant that we should reverse the judgment entered upon the last verdict because the Court erred in submitting the question of the driver's agency to the jury. But the answer to this argument is two-fold. First, the evidence at the last trial was substantially the same as that introduced at the former, and our opinion reviewing that evidence and holding that "the question as to whether or not Murrell Wilson [the driver] was acting within the scope of his employment when the accident occurred, was one for the jury to be determined from the consideration of all the surrounding facts and circumstances" became the law of the case. Second, at the conclusion of the testimony, the appellant, instead of moving for a peremptory instruction on the subject, requested the Court to submit the issue to the jury by giving them instructions numbered 1 and 2 which we discussed and approved on the former appeal.

While the evidence as to who was to blame for the collision may have preponderated in appellant's favor, we cannot say that the evidence introduced by appellees was insufficient to uphold a verdict for them based either upon the facts of the accident or upon the absence of the relationship of master and servant between them and the driver. Hence, it is our duty to affirm the judgment, and it is so ordered.