## Thomas et al. v. Boklage et al.

March 19, 1943.

Rehearing Denied May 7, 1943.

Woodward, Dawson & Hobson for appellants.

Edrington & Redmon for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

A grocery delivery truck owned by Jerry Thomas and driven by his employee, George Fisher, backed against a ten year old child, Nancy Lee Boklage, and injured her. She recovered judgment for $2,500. They appeal and urge a reversal on the ground of error in giving a last clear chance instruction and of the verdict being excessive.

The accident occurred on July 15, 1941, on South Fifth Street in Louisville. It runs north and south. Denmark Street comes into it from the west but does not bisect it. Painted parallel lines, 11½ feet apart, extended across Fifth Street from the ends of the sidewalks of Denmark Street. The child crossed to the east side of Fifth Street with Mrs. Margaret Kaiser and her baby buggy containing her four months' old baby. It was left in the street between the lines of the crosswalk with the front wheels against the curb and Nancy by its side while Mrs. Kaiser went back across the street to her home for a moment. There was an automobile parked near the crosswalk, north and close to the child and baby buggy. The child testified that the defendants' truck came from the south, pulled around her and parked at the curb near her, partly within the crosswalk. She had not moved. The driver got out in the street and came around to the rear of the truck where she was and went to the side door of a house before which it was parked. When he came back he again passed by her and the baby "and sort of stopped and looked down and winked at the baby." He got in the truck and without sounding his horn backed it a few feet and struck her below the knee. She was standing all the while with one foot on the curb. The baby buggy was not turned over or the baby hurt, but the buggy frame and wheels were bent. Mrs. Kaiser testified she saw the truck pull up in front of the child and baby buggy, as described by Nancy, and stop with the rear end about six feet from the buggy, which was between it and Nancy. A contra-

dictory statement was produced. As she was returning to the east side of the street, the driver backed the truck without looking or sounding any warning. She and the little girl screamed and the truck was stopped quickly and then pulled forward.

The defendant Fisher testified that when he parked the truck and went into the house to deliver a package the little girl and baby buggy were not there. He got out on the left-hand side and went around the front of the car and into the house. On his return he got in the truck in the same way and never saw the child or buggy. He was going to make a left turn to go out Denmark Street and put his head out the car window and looked back for traffic coming from the south and then backed slowly 3½ to 4½ feet. The truck was a small one with a closed body. The rear window was too high above the road for one on the seat to have seen the baby buggy or child through it, nor could one looking out the side of the cab have seen them. When he heard the little girl cry out, he stopped immediately and pulled up. It would have been impossible, he stated, for him to have placed his car in the manner the little girl and Mrs. Kaiser said he had while the child and baby buggy were there.

There is no question about the child being in the crosswalk, behind and within a few feet of the rear end of the truck when it was backed. The driver knew the child was there according to the plaintiff's evidence. If he did and backed his truck without warning or exercising ordinary care, he was negligent. See Section 2739g-35, Ky. Stats. If he did not know of her presence, as he testified, then it was a question for the jury whether he was negligent in not having discovered it and given warning. The first instruction so predicated the defendants' liability. See Tupman's Adm'r v. Schmidt, 200 Ky. 88, 254 S. W. 199; Grimes v. Thompson, 217 Ky. 389, 289 S. W. 290; Horton Transfer & Storage Co. v. Donaldson, 265 Ky. 47, 95 S. W. (2d) 1086. The second instruction was on general contributory negligence of the child with the direction that if the jury believed her to have been contributorily negligent they should find for the defendants, ''unless you further believe from the evidence that after the driver, George Fisher, discovered her peril or by the exercise of ordinary care could have discovered it he failed to use ordinary care and the means at his command to avoid striking plain-

tiff, in which latter event you should find for the plaintiff.''

It seems to us the giving of this last clear chance instruction or qualification was erroneous for it was a piling on of the essential predicate of liability contained in the first instruction relating to the plaintiff's primary duties and an unwarranted cancellation of the contributory negligence instruction. The child had not moved or created any new condition of peril; nor had she had opportunity to escape from the peril created by the defendants. Their chance to avoid injuring the child in a place made perilous by their first and only act of negligence was the only chance they had. There was no ''last chance.'' Their primary duty was not to back the car without warning if the driver knew the child was behind the truck or in the exercise of ordinary care should have known it or have discovered her peril in the first instance. No further duty or opportunity or occasion arose thereafter to avert the accident. It is sometimes said that when the rule of last clear chance comes into operation, all prior or antecedent negligence of either party goes out of the case and the sole question left is the ability of the defendant to prevent the injury of the plaintiff under the then conditions. Braden's Adm'x v. Liston, 258 Ky. 44, 79 S. W. (2d) 241; Chesapeake & O. Ry. Co. v. Conley's Adm'x, 261 Ky. 669, 88 S. W. (2d) 683; Pedigo v. Osborne, 279 Ky. 85, 129 S. W. (2d) 996. This conception is especially justified in this jurisdiction where the rule of comparative negligence does not obtain and the plaintiff is deprived of any recovery of damages of a negligent defendant if he himself was contributorily negligent. In this case whatever negligence there was on the part of the defendants it existed from the beginning and did not subsequently arise after discovery, actual or imputed, of the plaintiff's situation. The contributory negligence instruction excused the defendants of liability. By attaching the last clear chance instruction, based as it was upon the same action or failure on the part of the defendants described in the first instruction as constituting negligence, the contributory negligence was practically nullified. Where the facts are like those presented by this case, we think the rule of discovered peril or last clear chance has no application, and it is error to give the instruction. Blackman v. Streicher, 205 Ky. 773, 266 S. W. 633; Lieber-

808

man v. McLaughlin, 233 Ky. 763, 26 S. W. (2d) 753; Peak v. Arnett, 233 Ky. 756, 26 S. W. (2d) 1035.

The appellee submits that even though the giving of the instruction was error, it was not prejudicial because of the defendants' manifest negligence. We think the giving of the instruction was clearly prejudicial. But were it less clear in and of itself, we may observe that almost any error would be deemed prejudicial in the light of the fact that the plaintiff's witness, Mrs. Kaiser, wholly irresponsive to the interrogation, blurted out that "the insurance man from the insurance company had been there" when she had given a statement of the accident to a representative of the defendants.

It is not necessary to consider the question of the verdict being excessive.

The judgment is reversed.