## CLEM v. BALL.

Court of Appeals of Kentucky.
March 13, 1951.

J. Leonard Davis, Harlan, for appellant.

R. Kent Sampson, Edward G. Hill, and James Sampson, all of Harlan, for appellee.

MOREMEN, Justice.

An accident occurred November 21, 1949, at about 7:30 p. m., on Cumberland Ave. in the city of Harlan, in this manner: Appellant parked his car near the sidewalk and about 10 feet to the rear of the car which appellee had parked a few minutes before. Appellant obtained an anti-freeze substance; returned to his car; stood in the street about three or four feet from the sidewalk and poured the liquid into the radiator of his vehicle. While he was so engaged, appellee returned to his car and without giving warning backed his automobile against appellant who was injured.

Appellant, Bradley Clem, filed suit for damages against appellee, Leslie Ball, Jr., and upon trial of the cause, at the completion of introduction of evidence in behalf of appellant, the court peremptorily instructed the jury to find for appellee, on the theory that appellant had failed to keep a look-out for his own safety while standing in the street, and was, therefore, guilty

of contributory negligence as a matter of law.

We are of opinion that the trial court acted erroneously in directing such a verdict. KRS 189.290 reads: "(1) The operator of any vehicle upon a highway shall operate the vehicle in a careful manner, with regard for the safety and convenience of pedestrians and other vehicles upon the highway."

■ In construing this section in the case of Thomas v. Boklage, 293 Ky. 804, 170 S.W.2d 348, 349, a case similar in facts to the case at bar, we said: "The driver knew the child was there according to the plaintiff's evidence. If he did and backed his truck without warning or exercising ordinary care, he was negligent. See Section 2739g–35, Ky.Stats. If he did not know of her presence, as he testified, then it was a question for the jury whether he was negligent in not having discovered it and given warning."

There is also a duty upon an operator of a car which has been parked, not to set it into motion until the circumstances are such that movement may be made with reasonable safety. KRS 189.440.

Under the facts shown in this case, a question arises concerning whether the appellee made any attempt to ascertain if conditions were such that he might safely set his car in motion, and such a question addresses itself to a determination by a jury.

■ We do not believe that appellant was guilty of contributory negligence as a matter of law, because of the fact that he was standing in a public highway and not looking behind at the time of the accident. In the case of Igo v. Smith, 282 Ky. 336, 138 S.W.2d 497, 501, it was written:

"In the absence of a statute making the rule otherwise, pedestrians and operators of motor cars have equal rights in the use of the highway; each must recognize the right of the other and exercise reasonable care to avoid injuring the one, or of being injured himself. Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S.W.2d 564. Ordinary care, as applied to the operator of a motor vehicle, is of higher degree than ordinary care as the term is applied to pedestrians. Jackson's Adm'r v. Rose, 239 Ky. 754, 40 S.W.2d 343."

Wherefore, the judgment is reversed, with directions for proceedings consistent with this opinion.