## KENTUCKY & WEST VIRGINIA POWER CO. v. LAWSON.

Court of Appeals of Kentucky.
June 22, 1951.

Craft & Stanfill, Hazard, for appellant.
Courtney C. Wells, Hazard, for appellee.

CLAY, Commissioner.

Appellee, a pedestrian, recovered a judgment for $3,000 against appellant for personal injuries sustained when a truck, driven by the latter's employee, struck her. The only two grounds we deem it necessary to consider on this appeal are: (1) appellant's right to a directed verdict, and (2) appellee's right to a "last clear chance" instruction.

The accident happened in broad daylight at the northwest corner of High and Jail Streets in Hazard. Appellant's truck was proceeding south on High Street, and appellee, afoot, had walked east on Jail Street to the intersection. A building stands close to the northwest corner, and there is no sidewalk there.

Appellee testified: She had walked up Jail Street to the corner and intended to cross High Street. She was standing close to the curb at the corner, and had been standing there "several minutes." She was waiting for traffic to clear on High Street. Appellant's truck came by, and the "back part" of it struck her. (It was a small pickup truck, and the body did not extend beyond the fender line.)

Another witness testified he saw the truck strike appellee, but he said, "I couldn't tell whether she was going into the truck." That is substantially all the evidence for appellee on the question of negligence, and appellant contends that it was not sufficient to make an issue for the jury.

(1) While the evidence fails to establish positively a specific act of negligence on the part of the truck driver, we think a jury could properly infer that the driver failed in his duty to keep a reasonable lookout, and as a direct result of this negligence, he drove the truck against ap-

pellee. Therefore, a directed verdict should not have been given for appellant.

■ (2) According to the testimony of the driver, the first time he saw appellee she was in motion coming up Jail Street. At that time he had just reached the intersection, and out of the corner of his eye he saw her approaching. The substance of his testimony is that appellee walked into the "right rear of the body of the truck." This evidence tended to prove contributory negligence on the part of appellee, and the Court properly gave an instruction on this issue.

Appellant contends the Court erroneously went one step further, and as a modification of the contributory negligence instruction, incorporated therein what we know as the doctrine of "last clear chance." The jury was in substance advised: "You should find for the defendant if you believe the plaintiff was contributorily negligent, but even if you so believe, you may still find for the plaintiff if the defendant's driver could have seen her perilous position a sufficient distance ahead to have avoided striking her." We are thus brought face to face with the recurring problem of when it is proper to give a "last clear chance" instruction.

The question is not free from difficulty. Differing factual situations and legal theories have resulted in decisions of many different kinds, colors, and qualities. Excellent and complete annotations may be found in 92 A.L.R. 47; 119 A.L.R. 1041; and 171 A.L.R. 365.

■ Confusion often arises because of the failure to recognize that the doctrine of "last clear chance" is invoked to neutralize the defense of contributory negligence. It assumes the jury may find the plaintiff negligent, yet, upon finding the violation of a secondary duty by the defendant, the plaintiff may still recover. Yet there exists no right to a "last clear chance" instruction in every case where contributory negligence is pleaded and proven. If so, this defense would be effectively abolished.

It may be observed that the development of the last clear chance doctrine has often been influenced by the conviction that the defense of contributory negligence works injustice. As said by Prosser on Torts, Chapter 9, Last Clear Chance, Section 54, page 408: "The real explanation would seem to be a dislike for the defense of contributory negligence which has made the courts rebel at its application in many situations and accept without reasoning the conclusion that the last wrongdoer is necessarily the worst wrongdoer, or at least the decisive one, and should pay."

The author goes on to criticize this attitude because it unfairly transfers from the plaintiff to the defendant the entire loss which (because we must assume the plaintiff was contributorily negligent) was due to the fault of both. It is pointed out that in effect the courts have attempted to apply a rule of *comparative* negligence. That is, in the case where a defendant discovers a helpless plaintiff, the former's failure to avoid injuring the latter amounts to a wanton and reckless disregard for human life, and because of his callous carelessness, he is much more at fault than the plaintiff. While this view may justify the conclusion that the defendant should pay a greater proportion of the damages than the plaintiff, the rule does not work that way because it imposes the entire damages on the defendant. For this reason there must be some limitation on the doctrine's application.

■ Courts generally agree that where there is substantial evidence the plaintiff was in a perilous position and the proof shows the defendant actually discovered the peril in time to do some act to avoid the accident, a true last clear chance issue is presented to the jury as to whether or not the defendant exercised reasonable care with the means at his command to avoid it. See Brooks v. New Albany & L. Electric Ry. Corporation, 280 Ky. 157, 132 S. W.2d 777.

■ The difficulty is presented when we have a case where the defendant testifies he did not discover the perilous position of the plaintiff in time to do anything. Under some circumstances this Court and others have held that the instruction should be

given where the facts indicate the defendant could or should, in the exercise of reasonable care, have discovered the peril. See Short Way Lines, Inc., et al. v. Sutton's Adm'r et al., 291 Ky. 541, 164 S.W.2d 809. If we say the defendant should have discovered it, we thereby impose upon him a duty to do so. For our purposes, the real problem is to determine the particular set of circumstances that give rise to that duty.

■ As before indicated, it only arises after the plaintiff by his negligence has created or contributed to his position of peril. In addition to that, however, the facts must show a change in the original situation which creates the new duty. See Thomas et al. v. Boklage et al., 293 Ky. 804, 170 S.W.2d 348. The factors which create the new duty are these: (1) the plaintiff must be in a position of peril, not merely present in the vicinity; (2) the situation should be obvious to a reasonable person; and (3) there must be a reasonable time remaining within which the defendant may take affirmative steps to avoid the accident.

■ It is difficult to over-emphasize the significance of the meaning of each word characterizing the doctrine. The defendant must have the *last* chance. If the plaintiff has an equal opportunity to avoid the accident by some act on his part up to the moment of its occurrence, then the defendant does not have the last chance, and the instruction should not be given. As stated in Cyclopedia of Automobile Law and Practice by Blashfield, Vol. 4, part. 2, section 2802, page 392: "Where both plaintiff and defendant have opportunities to avoid an accident and plaintiff's opportunity comes as late as defendant's, but plaintiff fails to use reasonable or ordinary care, the last clear chance doctrine is inapplicable, and plaintiff cannot recover, since the case becomes one of concurrent negligence."

Next, the defendant must have a *clear* chance. That is, the facts should be convincing that the dangerous situation is apparent to a reasonable person. See Lieberman v. McLaughlin, 233 Ky. 763, 26 S.W.2d 753. Finally the defendant must

have a reasonable *chance* to avoid it. This means a fair opportunity, not some speculative possibility. See Knecht v. Buckshorn et ux., 233 Ky. 329, 25 S.W.2d 727.

We think the above principles were properly applied in three cases wherein we held a last clear chance instruction should not be given. The earliest was Knecht v. Buckshorn et ux., 233 Ky. 329, 25 S.W.2d 727. There a boy ran into the side of the defendant's automobile on a city street. The Court said, 233 Ky. at page 334, 25 S.W.2d at page 729: "No evidence was adduced to show that there was any possibility of preventing the accident. The driver of the car did not discover the peril of the boy until the very moment of the accident, and there was nothing she could do to avert it. If a person discovers another's peril and may, by the exercise of ordinary care, avoid an injury to him, the law imposes the duty of doing so. Myers v. Cassity, 209 Ky. 315, 272 S.W. 718. But there must be evidence to show a discovery of the impending peril in time, by the exercise of ordinary care, to prevent injury. In the absence of such evidence there is no room for the application of the doctrine."

The next was Thomas et al. v. Boklage et al., 293 Ky. 804, 170 S.W.2d 348. In that case defendant's truck had backed over a ten year old child on a street. We held the giving of a last clear chance instruction was an unwarranted cancellation of the defense of contributory negligence. It was pointed out that the truck driver had one, and only one, chance to avoid injuring the child since she had not moved or created a new position of peril. Thus the driver was either negligent or not negligent in the first instance, and he had no secondary duty which he subsequently violated.

In Swift & Co. et al. v. Thompson's Adm'r, 308 Ky. 529, 214 S.W.2d 758, a pedestrian was struck on a highway at night by the defendant. We held that the last clear chance instruction should not have been given because no change in the situation occurred, and because the only negligence of the defendant was the failure to see the deceased in the first instance and not his failure to see him after the latter's

contributory negligence put him in a position of peril.

■ Applying the above principles to the facts in the present case, there are at least two reasons why the last clear chance instruction should not have been given. In the first place, appellant's driver did not have the *last* chance to avoid the accident. Until the moment of impact, appellee had as much chance to avoid the accident as he did. She could have taken one step backward, or perhaps just stood still. Since appellee was not in a dangerous predicament from which she was unable to extricate herself, she had a continuing series of opportunities to avoid injury. If we say she was entitled to recover on the theory that the truck driver had the last clear chance, by the same token we must say that she should not recover because as a factual matter her chance to avoid the accident was just as last as his.

Secondly, assuming the truck driver had the last chance, there is no evidence indicating he had the last *clear* one. According to appellee's own testimony, she was in a place of safety, and she did not change her position or create a new situation which would give rise to a new duty on the part of appellant's driver. The testimony of the driver indicates that appellee did change her position, but at the time she did so, by walking toward the truck, he did not have the time nor opportunity to avoid the accident. Therefore, on either appellant's or appellee's theory of how the accident occurred, the driver did not have a secondary clear chance.

There were only three ways in which this accident could have happened: (1) appellant's driver negligently failed to see appellee standing at the corner and ran into her; or (2) appellee negligently stepped into the side of the truck; or (3) both acts concurred. There could be no fourth cause which might arise because the driver committed some additional act of negligence occasioned by a new development. Therefore, no last clear chance instruction should have been given.

The judgment is reversed with directions to grant appellant a new trial.