Vanzel JONES and Ed Womack, Appellants,

v.

A. J. SLONE, Appellee.

Court of Appeals of Kentucky.
May 17, 1957.

Rehearing Denied Sept. 27, 1957.

John F. Coldiron, Frank K. Warnock, Greenup, for appellants.

John T. Diedrich, Chesley A. Lycan, Ashland, for appellee.

CLAY, Commissioner.

A jury awarded plaintiff Slone approximately $8,000 for personal injuries sustained when he was struck on Highway No. 1 between Grayson and Greenup by an automobile driven by defendant Womack. Several grounds are urged for reversal, but we need consider only defendants' motion for judgment to accord with a special finding of the jury.

It was after dark and the automobile was proceeding south on a 20 foot highway that was level and straight. Plaintiff, a pedestrian, just prior to the mishap had been on the west side of the highway, the driver's right hand side. He was carrying a bucket of water, and was either crossing or had crossed to the east side when the accident occurred. At the trial plaintiff testified he had crossed the highway and was walking south on the east side near or on the berm of the road when struck from behind. He did not see or hear the automobile. In a signed statement made shortly after the accident, plaintiff stated that he had started across the highway and did not recall how far out in it he was before he was hit.

Defendant Womack and two passengers in the automobile were the only other witnesses to the accident, and the following is the substance of their testimony. They first observed the plaintiff on the west or right-hand side of the highway, standing in a driveway, when they were 150 or 200 feet north of him. The car was proceeding at 35 to 45 miles an hour. When they approached within about 50 or 60 feet of the plaintiff he looked in their direction and then started to walk across the highway. Defendant Womack immediately applied his brakes and turned the automobile to the left in an attempt to avoid striking the plaintiff. Plaintiff was struck near the center of the highway, and the car stopped within a few feet of the point of impact on the left-hand side, still on the paved portion.

In submitting the case to the jury the trial court, pursuant to CR 49.02, submitted a written interrogatory. This required the jury to find whether, at the time of the collision, the plaintiff was walking in a southerly direction or was crossing the highway in an easterly direction. Thus was presented the two versions of how this accident occurred. The jury answered this interrogatory with the finding that the plaintiff "was crossing the highway in an easterly direction". It is the defendants' contention, in which we find merit, that such a finding is inconsistent with the general verdict for the plaintiff. In effect the jury accepted the defendants' version of the manner in which this accident had occurred. The finding that the plaintiff was struck while crossing the highway was tantamount to a finding that he undertook to cross the highway with utter disregard for his own safety. We might even say that this finding absolved the defendants of primary negligence because the only negligence suggested by the plaintiff's evidence was that the automobile was being driven on the wrong side of the road and struck the plaintiff when he was in a position of apparent safety.

It seems clear that this special finding of the jury is inconsistent with a general verdict in favor of the plaintiff on the issue of primary negligence as between the two parties. It is contended, however, that the finding is not inconsistent with the general verdict if the facts justified a jury determination that the defendant driver was secondarily negligent under the doctrine of last clear chance. This issue was submitted to the jury by an instruction, and if the instruction was properly given, the general verdict for the plaintiff should be upheld even though the jury had found the plaintiff contributorily negligent.

We can find no evidence in the record that the defendant driver had a last clear chance to avoid this accident. Since the plaintiff disclaimed any knowledge of the operation of defendant's automobile, the only evidence with respect thereto is the testimony of its three occupants. They all stated that the plaintiff was in a place of safety when first observed, and that he unexpectedly started to cross the highway in front of the oncoming automobile. Their testimony, as well as the evidence of skid marks, established that the defendant driver changed the course of the vehicle and made an emergency application of the brakes in order to avoid striking the plaintiff.

There were various estimates of the length of the skid marks, ranging from a few feet to 78 feet. Plaintiff contends that in view of the length of the skid marks and the distance traveled by plaintiff in crossing the highway, the defendant did or should have discovered plaintiff's peril sooner, and if he "had the automobile under control", he could have avoided the accident. We can find no mathematical or other basis in the evidence for such a surmise. It would be a matter of pure speculation, unsupported by proof, that defendant driver discovered plaintiff's peril prior to the time he said he did, or that he could in some other manner, with the means at his command at that time, have avoided striking the plaintiff. There is no evidence to justify the application of the last clear chance doctrine, and the trial court should not have instructed the jury on this issue. See Kentucky & West Virginia Power Co. v. Lawson, Ky., 240 S.W.2d 843; Saddler v. Parham, Ky., 249 S.W.2d 945.

Since the legal effect of the jury's special finding was that the plaintiff was contributorily negligent, and since no proper issue of defendants' last clear chance negligence was presented, the general verdict imposing liability on the defendants was inconsistent with the special finding which absolved them of liability. In our opinion, under the provisions of CR 49.02, the court should have entered judgment on the special finding for the defendants.

No other allegations of error on this appeal have been considered or decided.

The judgment is reversed with directions to enter judgment for the defendants.