**Lloyd SLUSHER, Appellant,**

v.

**Walter BROWN and Silas Campbell Contractors, Inc., Appellees.**

Court of Appeals of Kentucky.

April 24, 1959.

James S. Greene, Jr., Harlan, for appellant.

J. Leonard Davis, Harlan, for appellees.

SANDIDGE, Judge.

This action was instituted by appellant to recover damages in the sum of $27,500 resulting from the collision of an automobile, which he owned and was driving, with a truck alleged to have been owned by appellee, Silas Campbell, Contractors, Inc., and driven by its employee, Walter Brown, while acting within the scope of his employment. Appellees filed separate and similar answers in which they denied such affirmative allegations of the complaint and pleaded that appellant was guilty of contributory negligence in connection with the collision.

At the conclusion of appellant's evidence the trial court, on motion of the appellees, ruled that appellant was guilty of contributory negligence as a matter of law and directed a verdict for appellees. Thereupon a judgment was entered dismissing the complaint, and this appeal is therefrom.

The primary question involved here is whether the trial court, on the evidence presented, was correct in ruling that the appellant was contributorily negligent as a matter of law. Such evidence when considered most favorably to the appellant, as it must be on said motion, disclosed the following facts.

The collision occurred between 8:30 and 9:00 a. m., on March 22, 1957, on U. S. Highway No. 421, at a point on Pine Mountain, three or four miles from Harlan, Ky., with the locale thereof being on a straight, upgrade stretch of the highway, which was about one-half mile in length. Appellant had started in his 1956 Chevrolet car from Harlan to a lumber operation in Leslie County. As he reached the foot of the stretch there were no other vehicles in sight, but he did see at a distance of approximately 2,400 feet, or near the top of said stretch, a dark and heavy fog on the highway. He proceeded up the highway and immediately before entering the fog reduced the speed of his car to 25 or less miles per hour and turned on the headlights thereof. He had traveled but a short distance in the fog when suddenly and unexpectedly a brown-looking and bulky object, without any lights burning thereon, appeared ahead of him on his side of the highway at an estimated distance of from 30 to 60 feet. He was then driving at the rate of 25 miles or less per hour, and attempted to apply the brakes on his car in an effort to avoid colliding with the object, but the latter, which turned out to be a truck driven by Walter Brown and loaded with lumber, was so close that he immediately ran into and collided with the rear thereof. One of the planks with which the truck was loaded was rammed through the windshield of his car, struck him in the face, and knocked him unconscious. His car was thereby caused to roll back down and partially off the highway into a ditch. There were no lights of any kind burning on the truck, which had been stopped or was traveling very slowly. Appellant testified that it all happened so suddenly he did not have time to avoid the collision. As a result he sustained extensive personal injuries and substantial property damage.

Appellant was under the duty of exercising ordinary care to avoid the collision. The latter is, of course, such care as a reasonably prudent person would exercise under the circumstances. Normally, the jury is considered better qualified than the court to determine what an ordinarily prudent person would do under given circumstances, the accepted theory being that the thinking of twelve men on the subject is more likely to be correct than that of one. Consequently, we have the general rule that questions of negligence and contributory negligence are usually for the jury.

We have repeatedly held, in determining the question of negligence of a person in failing to observe the presence of a standing or moving vehicle in time to stop or avoid it in safety, under similar conditions to those presented here, that no hard or fast rule can be laid down, and that the surrounding conditions and circumstances of the particular case must be considered by the jury. Crawford Transport Co. v. Wireman, Ky., 280 S.W.2d 163; De Buyser v. Walden, Ky., 255 S.W.2d 616; City of Providence v. Young, 227 Ky. 690, 13 S.W.2d 1022, and cases cited therein. The latter ruling is particularly applicable where the driver of an automobile is unable to see the road ahead because of dust, smoke, fog or other temporary atmospheric conditions. Under such conditions he is under the duty to exercise ordinary care, having regard for the unusual and extraordinary circumstances.

For the above reasons, and after carefully considering the evidence in this case, it is our opinion that the question of whether appellant was guilty of contributory negligence should have been submitted to the jury.

We do not mean to imply from what has been said above that in every case the question of contributory negligence must be submitted to the jury. Where the facts are such that reasonable men can draw but one conclusion, the question becomes one of law for the court. Where the converse is true, it is a question for the jury. Adams v. Parsons, Ky., 313 S.W.2d 426; De Buyser v. Walden, Ky., 255 S.W.2d 616.

In the case of Owen Motor Freight Lines v. Russell's Adm'r, 260 Ky. 795, 86 S.W.2d 708, 712, relied upon by the trial court in directing a verdict herein, we stated that the driver of a motor vehicle is negligent if he operates at a rate of speed which renders him unable to stop within the range of his vision. But we further pointed out in the opinion in that case that such rule does not apply where a dangerous situation, which the driver of the automobile has no reason to expect, suddenly appears in front of him, and we also pointed out therein that a driver was not obligated by the doctrine of ordinary care to keep a lookout for an unlighted truck in the lane of his traffic. Therein we more specifically said:

"The presence of said unlighted truck, in the position occupied by it, being an unexpected event which would not reasonably have been anticipated by an ordinarily careful and prudent person, we are of the opinion that the court ought not to determine as a matter of law that the negligence of plaintiff was a contributing proximate cause of the collision in question."

In that case the question of contributory negligence was submitted to the jury.

The directed verdict was erroneous but, under the record, it is necessary that the judgment be reversed only as to the appellee, Walter Brown, and affirmed as to appellee, Silas Campbell Contractors, Inc.

The complaint named Walter Brown and Silas Campbell as defendants. Prior to the filing of any responsive pleading thereto an amended complaint was tendered and filed. In the latter, Silas Campbell Contractors, Inc., was named as a defendant, and it was alleged that the Ford truck which Walter Brown was operating at the time of the collision belonged to Silas Campbell Contractors, Inc., a Kentucky corporation, and that at said time he was operating same as the agent and servant of said corporation in the course of his employment as such. In the order filing said amended complaint the action was dismissed without prejudice as to Silas Campbell. Regardless of the order, a joint answer was later filed by Silas Campbell and Silas Campbell Contractors, Inc., in which they denied the aforesaid affirmative allegations in the amended complaint and pleaded contributory negligence. It is unnecessary to determine the effect of Silas Campbell so answering after he had been

dismissed as a defendant. A similar answer was filed by Walter Brown. Issues were squarely raised by the pleading as to whether Silas Campbell Contractors, Inc., owned the truck, as to whether Walter Brown was its employee, and as to whether he was acting within the scope of such employment on the occasion in question.

■ The only evidence on these issues is found in the testimony of Walter Brown, who was introduced as a witness by the plaintiff-appellant as if on cross-examination. He stated unequivocally that he was employed by "Silas Campbell Construction Company;" that he was so employed at the time and on the occasion of the collision; that the truck which he was driving was owned by "Silas Campbell;" and that on said occasion he was taking a load of timbers across Pine Mountain for "Silas Campbell Construction Company." This was all the testimony on the subject. So far as the proof shows, Silas Campbell Construction Company may have been an assumed name, a partnership, or a corporation, entirely separate and distinct from the appellee, Silas Campbell Contractors, Inc. There is nothing in the proof that tends to show any connection between the latter and the Silas Campbell Construction Company, or to indicate that the witness, when he stated that he was in the employ of and acting for the Silas Campbell Construction Company, was referring to the appellee, Silas Campbell Contractors, Inc. Such being the case, the jury should have been directed to find for the appellee, Silas Campbell Contractors, Inc. The fact that it was so directed on an erroneous theory is immaterial.

For the above reasons the judgment of the lower court is reversed as to the appellee, Walter Brown, and is affirmed as to the appellee, Silas Campbell Contractors, Inc., and this action is now remanded to the lower court for further proceedings consistent herewith.