Marvin **BUTTS** et al., Appellants,

v.

**John R. WRIGHT** et al., Appellees.

Court of Appeals of Kentucky.

June 9, 1967.

Rehearing Denied Oct. 13, 1967.

Robert G. Hunt, King, Deep, Branaman & Hunt, Henderson, for appellants.

Frank N. King, Jr., Dorsey & Sullivan, Henderson, for appellees.

WILLIAMS, Chief Justice.

The appellant, Marvin Butts, was injured when he was knocked from a tractor which was struck from the rear by the automobile of appellee John R. Wright. A jury in the Henderson Circuit Court found both parties negligent and allowed no recovery. Butts has appealed.

The accident happened at about 8:00 P. M., C. D. T., on May 11, 1964. Wright was traveling west in his 1963 Oldsmobile on U. S. Highway 60 near Henderson. Butts was on a tractor towing a disk harrow attachment and headed in the same direction. Butts had stopped the tractor waiting for oncoming traffic to clear before making a left-hand turn. Wright's car struck the disk harrow attachment and veered off to the right side of the road.

Butts' first argument is that he was entitled to a directed verdict on the issue of

liability. On a motion for a directed verdict the evidence must be considered most favorably to the party against whom a directed verdict is sought. Slusher v. Brown, Ky., 323 S.W.2d 870 (1959). Consequently we shall review the evidence as presented by Wright and his witnesses.

Wright was traveling 45 to 50 miles per hour when he saw shiny objects about 200 feet ahead. He immediately applied his brakes and attempted to swerve to the right. It was dark, it had been raining, and the road was wet and slick. Oncoming traffic prevented him from going around the tractor to the left. The application of his brakes caused him to skid. There were 24 feet of skid marks evident on the highway. The automobile traveled 25 feet along the shoulder after the collision. Wright had his low-beam headlights turned on, the oncoming automobiles had their headlights on, but the tractor had no lights and no reflector.

The contrary evidence of Butts was that it was not dark, the sun was shining, and that he was signaling a left-hand turn by holding his left arm straight out.

 As stated in Slusher v. Brown, supra, there is no hard and fast rule which can be laid down in determining the question of negligence of a person failing to observe the presence of a standing vehicle ahead in time to stop or avoid it in safety. The surrounding conditions and circumstances of the particular case should be considered by the jury. The driver of the approaching vehicle is under the duty to exercise ordinary care, having regard for any unusual or extraordinary circumstances. In Owen Motor Freight Lines v. Russell's Adm'r, 260 Ky. 795, 86 S.W.2d 708 (1935), we said:

"The presence of said unlighted truck, in the position occupied by it, being an unexpected event which would not reasonably have been anticipated by an ordinarily careful and prudent person, we are of the opinion that the court ought not to determine as a matter of law that the negligence of plaintiff was a contributing proximate cause of the collision in question."

The trial court was not in error in submitting the question of Wright's negligence to the jury.

Appellant insists he was entitled to an instruction on last clear chance. It is noted in McFall v. Tooke, 308 F.2d 617 (6 Cir., 1962), that:

"The doctrine of last clear chance has been described as a doctrine 'as to the basis or extent of which there has been little agreement and endless discussion * * *.' Prosser, Handbook of the Law of Torts, § 52, p. 291 (2d Ed., 1955)."

Herewith follows more discussion.

In Saddler v. Parham, Ky., 249 S.W.2d 945 (1952), and in Riley v. Hornbuckle, Ky., 366 S.W.2d 304 (1963), it was pointed out that the last clear chance doctrine has been limited in application to a situation where a party is in peril from which he is physically unable to escape and the other party should have discovered the peril in time to clearly have a chance to avoid an accident. It is imperative that there must have been a clear chance to avoid the accident available only to the party not in peril.

It is apparent from a review of the decisions of this court that the last clear chance doctrine is seldom applied in a situation wherein two motor vehicles are involved. The vast majority of cases where the doctrine has been held applicable have been ones in which a pedestrian was the party in peril and the other party was the driver of a motor vehicle. Possibly the rationale behind this tendency is the fact that in negligence cases there is a rule of law that the care to be exercised must be commensurate with power to inflict injury. See Jackson's Adm'r v. Rose, 239 Ky. 754, 40 S.W.2d 343 (1931). Thus ordinary care as applied to the operator of a motor vehicle is of a higher degree than ordinary care as the term is applied to pedestrians. Clem v. Ball, Ky., 237 S.W.2d 839 (1951). This is not to say,

of course, that the doctrine shall never be applied to cases other than those involving a motorist and a pedestrian.

■ Turning to the case at hand, the facts do not justify an instruction on last clear chance. Although Butts testified it wasn't dark, the jurors obviously did not believe him. They found both parties negligent. Had it been daylight the failure to have lights or reflector on the tractor would have been of no consequence. It is undisputed that Wright saw shiny objects ahead when he was about 200 feet away. Motor vehicles with lights on were approaching from the other direction. He could not distinguish what the shiny objects were, but he found out later that they were discs on the tractor; nevertheless he applied his brakes and attempted to turn to his right. His automobile skidded into the tractor. It is apparent that once he should have and did discover Butt's peril, he did not have a clear chance in the exercise of ordinary care to avoid the collision.

■ The court instructed the jury that the speed limit at the time and place of this accident was 60 miles an hour in the daytime and 50 miles an hour at night. Butts contends that the area where the accident occurred was a "built up" area and the speed limit was 35 miles an hour. The posted speed limits in this area were 60 miles an hour daytime and 50 miles an hour night. The trial court ruled as a matter of law, after considering the facts, that the area was not a "built up", "business" or "residential" area. That was the proper procedure and correct according to the facts presented. Roberts v. Taylor, Ky., 339 S.W.2d 653 (1960); Mayer v. Dickerson, Ky., 321 S.W.2d 56 (1959).

■ A state policeman testified concerning the light and weather conditions at the time he received a call reporting the accident and he also testified concerning light and the weather after he arrived at the scene of the accident. He did not attempt to testify as to what the light and weather conditions were at the scene of the accident at the time it occurred. It was not prejudicial to admit his testimony.

We have carefully examined the instructions given by the trial court and find them proper. We do not find any prejudicial error committed in the trial of this action.

The judgment is affirmed.

MILLIKEN, MONTGOMERY, OSBORNE and STEINFELD, JJ., concur.

PALMORE and HILL, JJ., dissent.

PALMORE, Judge.

I dissent from the majority opinion because I feel that the question of last clear chance should have been submitted to and decided by the jury, and not by the trial court and by this court as a matter of law.

The observation that the doctrine of last clear chance is seldom applied in a situation wherein two motor vehicles are involved, and that possibly the rationale behind this tendency is the fact that care should be measured in terms of the power to inflict injury, suggests that the court itself is not in agreement on exactly what the doctrine means. That is understandable, of course, but I feel that what we ought to do under the circumstances is to undertake a better definition instead of leaving the matter in confusion.

If the court were to confine the doctrine strictly to pedestrians, upon the policy that the likelihood of death or great bodily injury is so much greater than is the case when all parties are within the protective framework of vehicles,[1] one could at least

---

1. I suggest that the "rationale" mentioned by the majority does not lie in the *power to inflict* injury, but in the *severity of injury* likely to be inflicted. A motorist has the same power to inflict injury on a load of hay standing

understand the law whether he agreed with it or not. But the way in which this decision leaves it is very much like saying that we usually prefer Irish potatoes but sometimes eat sweet potatoes as well (though not ordinarily), but whether and why we are likely to eat sweet potatoes on a particular occasion is a question on which we cannot enlighten you, because we ourselves really don't know.

Part of the trouble with last clear chance is that it is a misnomer. In a true sense, an accident just does not happen if any of the parties has a "clear chance" to avoid it. If he does have such an opportunity and doesn't take it, it is not an "accident." Some think the theory is based on comparative negligence.[2] I do not agree. Whether it is sound or unsound, I view the theory as being this: If either party to an accident could have avoided or averted it by the exercise of ordinary care after it was too late for the other party to do so by the exercise of ordinary care on his own part, he alone is responsible. In effect, it is a matter of proximate cause; when one party has a reasonable chance, by the exercise of ordinary care, to avert the accident after the other party, through negligence or otherwise, has become helpless to prevent it, the last negligence in point of time is the superseding and proximate cause. And this is true whether the damage is to person or property; last clear chance is premised on *cause*, not effect.

Had the appellant in this case been a man standing in the highway there can be little question that a last clear chance instruction would have been required. Cf. Mullins v. Bullens, Ky., 383 S.W.2d 130, 133 (1964). In Deegan v. Wilson, 288 Ky. 801, 157 S.W. 2d 68 (1942), the doctrine was held applicable to a boy on a bicycle. See Stanley's Instructions, § 110a. In Roederer's Adm'x.

v. Gray, 253 Ky. 669, 69 S.W.2d 998 (1934), it was held applicable to a man on a horse-drawn wagon. See Stanley's Instructions, § 120. By what metamorphosis does it become inapplicable to a man on a tractor?

In conclusion, let me say that I do not consider this to be a strong case of last clear chance, but I do think there was enough to make it a jury question.

HILL, J., joins in this dissent.

---

in the road as he does a pedestrian, and certainly he has much more of a "clear chance" to see and avoid it.

**2.** Cf. W. P. Blackburn, Jr., "Last Clear Chance—A Defective Tool for Compar-

ing Negligence and Determining Proximate Cause," Louisville Bar Association Bulletin, Vol. 17, No. 1 (Spring 1967).